[Crim. No. 33423. Second Dist., Div. One. Mar. 30, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD EDWARD FAXEL, Defendant and Appellant.

---

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Aurelio Munoz, Donald L.A. Kerson and F. Elaine Easley, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**THOMPSON, J.**—This appeal from a conviction of robbery presents an issue apparently novel to the law of California. Involving a juxtaposition of the principles underlying *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] and the constitutional right to effective representation, the matter at bench concerns the self-represented defendant's right to state financed services ancillary to representation. In particular, this appeal raises the question of the nature of the showing that must be made by a self-represented defendant to require the appointment by the trial court of a state compensated investigator or runner to aid his preparation.

 We conclude that the self-represented defendant must make a showing at least equal to that which must be made by counsel seeking the same right for his indigent client. Hence, the appointment of an investigator or runner at state expense is not required absent the defendant's indication of something more than a desire for the assistance; the defendant must indicate the general manner in which the investigator will assist the preparation of his defense.

Donald Edward Faxel was charged with robbery. He waived the appointment of counsel and elected to represent himself. On three occasions, he sought the appointment of an investigator or runner to aid his preparation for trial. On one occasion he sought a continuance to enable witnesses to be contacted. Faxel points to no showing in support of his motions other than a statement that he needed an investigator or runner.

At a jury trial, evidence overwhelmingly established Faxel's guilt of the crime charged. The evidence included his confession and his conduct in leading the police to the spot where the victim's purse had been hidden after the robbery. In this appeal, Faxel focuses exclusively upon a claim of error of constitutional dimension in denial of his motions for the appointment of an investigator and runner to aid his preparation.

■ We start with the proposition that while *Faretta* grants a defendant the right of self-representation, the right does not include one of special treatment not afforded the defendant represented by counsel. (*Faretta* v. *California, supra,* 422 U.S. 806, 835, fn. 46, 2d par. [45 L.Ed.2d 562, 581].)

■ The due process right of effective counsel includes the right to ancillary services necessary in the preparation of a defense. (*Brubaker* v. *Dickson* (9th Cir. 1962) 310 F.2d 30, cert. den., 372 U.S. 978 [10 L.Ed.2d 143, 83 S.Ct. 1110]; *Mason* v. *State of Arizona* (9th Cir. 1974) 504 F.2d 1345, 1351, cert. den., 420 U.S. 936 [43 L.Ed.2d 412, 95 S.Ct. 1145]; but see *Watson* v. *Patterson* (10th Cir. 1966) 358 F.2d 297, cert. den., 385 U.S. 876 [17 L.Ed.2d 103, 87 S.Ct. 153]; see also *In re Hwamei* (1974) 37 Cal.App.3d 554 [112 Cal.Rptr. 646].) The right is codified in Penal Code section 987.2 which provides that counsel appointed for an indigent defendant shall not only be compensated by a reasonable fee but also shall be reimbursed for his necessary expenses.

■ Translation of the abstract right to ancillary defense services into practice in individual situations requires that the defendant exercising the right demonstrate a need for the service by reference to "the general lines of inquiry he wishes to pursue, being as specific as possible." (*Mason* v. *State of Arizona, supra,* 504 F.2d 1345, 1352; Margolin & Wagner, *The Indigent Criminal Defendant and Defense Services: A Search for Constitutional Standards* (1973) 24 Hastings L.J. 647, 662.)[1]

---

[1]To satisfy the rationale of the California strictures upon prosecution discovery (see e.g., *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673];

■ Here Faxel points to no showing at all justifying his request for the services of an investigator and runner. He thus failed in the trial court to satisfy the predicate for the exercise of his right.

■ Faxel seeks to avoid the otherwise compelled conclusion by arguing that any requirement of a showing of need for the ancillary services on his part as a condition to the state's supplying him with the services denies him equal protection of the law because of his indigency. He asserts, in effect, that a wealthy defendant may employ investigators and runners although they are not needed.

Faxel has not established that he was denied equal protection of the law. The test is not whether the indigent defendant is entitled to waste money in unnecessary expenditures as might an affluent and profligate defendant, but whether the indigent defendant is placed on a general level of equality with nonindigent defendants. (Margolin & Wagner, *The Indigent Criminal Defendant and Defense Services: A Search for Constitutional Standards, supra,* 24 Hastings L.J. 647, 653; see also *Slawek v. United States* (8th Cir. 1969) 413 F.2d 957, 960; *Mason v. State of Arizona, supra,* 504 F.2d 1345, 1353-1355.) The requirement of the showing of necessity specifying the general area of inquiry does not place the indigent defendant on a constitutionally impermissible plane differing from that of the defendant who can afford to finance the ancillary defense services. (*States v. Knapp* (1977) 114 Ariz. 531 [562 P.2d 704, 714].) The showing required of the indigent defendant substitutes for the substantial economic inhibition upon one's spending his own resources in an endeavor known to be useless. The necessary parity between the indigent defendant and others is to be achieved not by permitting the indigent to spend public funds at his whim but rather by administration of the requirement of the showing required of the indigent.

We thus conclude that the trial court did not err in denying Faxel's motions for appointment of an investigator and runner.

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1979.

---

*Allen v. Superior Court* (1976) 18 Cal.3d 520 [134 Cal.Rptr. 774, 557 P.2d 65]). the showing can be made *in camera* (Margolin & Wagner, *supra,* 24 Hastings L.J. at p. 662; see Criminal Justice Act. 18 U.S.C. § 3006A(e)(1) and (2)).