[Civ. No. 21207. Fourth Dist., Div. Two. Sept. 14, 1979.]

CHARLES E. PUETT, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

---

---

## COUNSEL

Carol S. Koppel, under appointment by the Court of Appeal, for Petitioner.

Alan K. Marks, County Counsel, and Dawn Stafford, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

---

## OPINION

**KAUFMAN, J.**—Petitioner Charles E. Puett is the defendant in a criminal action in which he is charged with six counts of issuing a check without sufficient funds (Pen. Code, § 476a). Two days before his scheduled preliminary hearing, petitioner (hereafter defendant), who is indigent, moved the Victorville Division of the San Bernardino Municipal Court in which the preliminary hearing was to be held, for the appointment of an investigator at public expense to assist in the preparation of his defense. The motion was denied without prejudice to defendant's presenting such a motion to the superior court should he be held to answer following the preliminary hearing. Defendant then applied to the San Bernardino Superior Court for a writ of mandate to compel the municipal court to appoint an investigator in accordance with his request. The superior court denied the writ on the ground that defendant had failed to demonstrate that the municipal court abused its discretion in denying his original motion. Thereupon defendant applied to this court for an order staying the preliminary hearing and writs of prohibition, mandate and certiorari to compel the superior court to issue a writ of mandate to the municipal court to require it to appoint an investigator in accordance with defendant's request. We issued a stay order and an alternative writ of mandate.

 Defendant asserts that the right to counsel encompasses the right to effective counsel which in turn encompasses the right of an indigent

and his appointed counsel to have the services of an investigator. We agree. (*People* v. *Faxel*, 91 Cal.App.3d 327, 330 [154 Cal.Rptr. 132]; *Mason* v. *State of Arizona* (9th Cir. 1974) 504 F.2d 1345, 1351; see also Pen. Code, § 987.2, subd. (a) [appointed counsel "shall receive a reasonable sum for compensation and for necessary expenses"]; cf. Pen. Code, § 987.8, subd. (c)(1) [" 'legal assistance provided' means legal counsel and supportive services including . . . investigative services. . . ."].) However, it is only *necessary* investigative services to which an indigent defendant is entitled, and a motion for the appointment of an investigator at public expense must be supported by a showing that the investigative services are reasonably necessary. (*People* v. *Faxel, supra,* 91 Cal.App.3d at pp. 330-331; *Mason* v. *State of Arizona, supra,* 504 F.2d at p. 1352.)

As stated in *Mason* v. *State of Arizona, supra*: "[S]uch assistance is not automatically mandatory but rather depends upon the need as revealed by the facts and circumstances of each case. In the nature of things it may be difficult, in advance of trial, for counsel representing an indigent defendant to demonstrate an undoubted need for such funds. However, he can at least advise the court as to the general lines of inquiry he wishes to pursue, being as specific as possible. He should also advise the court why it is not practicable for counsel himself to make the investigation, with or without the allowance of out-of-pocket expenses. If a reasonable showing of this kind is made, the . . . trial court should probably view with considerable liberality a motion for such pre-trial assistance." (504 F.2d at p. 1352.)

■ We agree with respondent[1] that the showing made by defendant in the municipal court was not sufficiently strong to compel that court to exercise its discretion in only one way, by granting the motion, and that, therefore, the superior court properly denied defendant's petition for mandate. Before proceeding to a discussion of the showing made by defendant, it is necessary to lay to rest defendant's assertions the trial court found that investigative services were necessary to proper preparation of the defense but denied defendant's motion solely because it was made prior to the preliminary hearing. These assertions are based upon isolated phraseology used by the court and do not accord with the court's full statement read in context.

[1]The return to the petition was made by the San Bernardino County Counsel on behalf of the respondent, the San Bernardino Superior Court. No appearance has been made on behalf of the real party in interest.

Defendant's motion was denominated a motion for an order appointing an investigator or alternatively approving investigative expenses. The notice of motion was dated April 9, 1979. Dated the same date was a declaration of defendant's counsel in which it was averred that she was the court-appointed attorney for defendant in the action; that defendant was charged with six counts of issuing a check without sufficient funds; that she believed "there are a number of valid defenses to these charges"; that defendant qualified as an indigent "and good cause exists for the appointment of an investigator to assist . . . counsel in preparation of defenses available. . . . The undersigned will tender a statement of specific factual grounds for said [a]ppointment or [a]pproval of [i]nvestigative expenses, and the statement is to be made [e]x-[p]arte but on the transcript and sealed so that the District Attorney is not automatically provided with discovery. . . ."

The motion came on for hearing on April 16, two days before the scheduled preliminary hearing. From statements later made by the court and from the court's handwritten summary accompanying the petition in a sealed envelope, we are informed that an *in camera* hearing was afforded defendant in which counsel for defendant in some fashion imparted to the court some general information relating to defendant's proposed defense.[2]

Thereafter in open court in a dialogue between the court and defense counsel, the court said: "It's a preliminary hearing, and it seems to me like under the circumstances of this case that your request for an investigator is premature." Attempting to persuade the court to grant the motion, counsel for defendant pointed out that the public defender has an investigator, that counsel wanted to put on a defense on behalf of defendant at the preliminary hearing and that she wanted to have "these witnesses" interviewed. The court then stated: "Well based on the in-camera conference, let the record show that I had with attorney for the defendant, . . . but I find that although there is—there's a need for an investigator I suppose in any case, and *I find that there may be a need for an investigator in this case at some stage of the proceedings,* but it appears to me that none of the expected results of the investigation would be hampered by a delay in that investigation. . . . [¶] [T]here's been no representation any witness may depart or anything of that nature, and I

---

[2]To permit the defendant to make the required showing without unduly requiring the disclosure of his defense, the defendant may make his showing at an *in camera* hearing outside the presence of the prosecutor; however, a record of the proceedings *in camera* should be preserved so that the court's determination may be reviewed. (See *People* v. *Faxel, supra,* 91 Cal.App.3d at pp. 330-331, fn. 1.)

think a preliminary hearing is to establish reasonable cause to determine whether a defendant should stand trial for a particular offense, and I just think that if there's a need for an investigator, it should be done at the time this matter goes to trial, if it goes to trial following preliminary hearing. . . . [¶] It's within my discretion . . . to grant you authorization to hire an investigator at this point, and being that it is at the preliminary hearing level and stage, I do not think it's a denial of due process, and *I do not think that there's been a sufficient showing made to justify an appointment of an investigator at this time.* . . . [¶] I suppose I am drawing some distinction between your motion at the time of the preliminary hearing and your motion at the time of the trial. I think that it's not necessary for the purposes of the preliminary hearing. Defense counsel having heard those witnesses and cross-examined those witnesses would be in a much better position to go to the superior court, assuming the defendant is held to answer, and argue to the superior court that in light of certain testimony, certain investigations [are] needed, and I'm sure that the motion could be made anew in the superior court. It would probably be much more appropriate at that time. I agree with your statement and I think after the defendant has seen the witnesses and heard them, and seeing what they have to say, the defense would be in a much better position to make a strong showing to the judge of the superior court.[3] That's going to be the ruling." (Italics added.) The court then denied the motion without prejudice.

We agree with defendant that there is no rule authorizing denial of a motion by an indigent defendant for necessary investigative services purely because the motion is made prior to the preliminary hearing. However, as we read the record that is not what the court did. It denied the motion because it was persuaded that no sufficient showing of necessity had been made in view of all the circumstances, one of which was that the preliminary hearing had not yet been had and, so far as the record indicates, defense counsel did not know what the witnesses might testify to on direct examination or cross-examination. We are inclined to agree with the decision of the court; however, in this proceeding the question is really much narrower—whether the circumstances shown compelled the municipal court to exercise its discretion only in one way, namely, to grant the motion. Manifestly, the answer to that question is no.

[3]Subsequent events have demonstrated that the court's statement was quite correct. At oral argument counsel informed the court that at least part of the preliminary hearing was subsequently had and that several of the witnesses she wanted to interview had testified favorably to the defense that when defendant gave them the check in question, he had indicated that funds for payment were to be received from certain donors. Having been presented with an opportunity to examine these witnesses under oath, there would now appear to be little necessity for interviewing them.

The complaint issued on March 8, 1979, charged defendant with six counts of issuing an insufficient funds check, all during December 1978 and January 1979. Each count alleged the specific date on which the check was said to have been issued, the name of the bank on which the check was drawn and the name of the person or business entity to which each check was allegedly issued. Two of the checks were allegedly issued to the same person. All of the offenses were alleged to have been committed within the territorial jurisdiction of the Victorville Division of the San Bernardino County Municipal Court District in and around Victorville where defendant's attorney maintains her office. Notwithstanding the *in camera* hearing granted defendant, so far as the record shows no particular witness to be interviewed was identified nor was it indicated what information any such witness was believed to have. No estimate of the costs to be incurred was afforded the court, nor were the extent and nature of the investigative services claimed to be required specified or described in any way other than interviewing an indeterminate number of unidentified witnesses for unspecified purposes. Neither was the court informed as to the nature or extent of necessary investigative services that defense counsel was able or unable to perform herself. In the points and authorities accompanying defendant's motion, defense counsel stated in part: "Although the Defendants [*sic*] appointed counsel may be able to perform some investigation, at best it would only be piecemeal due to other restraints on counsel's time which prevent sufficient time to conduct a thorough investigation. Additionally, even if counsel could perform the investigation, counsel would then be in the compromising position of becoming a potential witness with potential adverse affects [*sic*] on the representation of the Defendant."

In short, defendant made no showing of necessity beyond that which, as the trial court observed, inheres in the defense of virtually any criminal prosecution—that is, that investigative services would be nice to have, would conserve the time of defense counsel, and might turn up something favorable to the defense. While we do not hold that a detailed itemization of the investigative services claimed to be necessary must be furnished or that a documented estimate of the costs to be incurred must be furnished, it is insufficient to compel authorization of investigative services at public expense to show only that it would be convenient to have investigative services.

We are not persuaded to the contrary by defendant's unsupported assertion that if he were represented by the public defender, such services would be available to him. Certainly the public defender has investiga-

tors, but nothing in the record indicates nor are we inclined to take judicial notice of the fact that the public defender is so amply supplied with investigators that such services are available in the preparation of the defense of a case whether they are necessary or not. As was stated by the *Faxel* court in discussing a somewhat similar argument of the defendant in that case: "The showing required of the indigent defendant substitutes for the substantial economic inhibition upon one's spending his own resources in an endeavor known to be useless. The necessary parity between the indigent defendant and others is to be achieved not by permitting the indigent to spend public funds at his whim but rather by administration of the requirement of the showing required of the indigent." (91 Cal.App.3d at p. 331.)

We conclude that the order of the municipal court denying defendant's motion was well within the range of permissible judicial discretion and that, therefore, the superior court was not required to issue a writ of mandate. The petition for writs of prohibition, mandate and certiorari is denied. The alternative writ of mandate heretofore issued is discharged, and the stay order heretofore issued is vacated.

Tamura, Acting P. J., and McDaniel, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 8, 1979.