UNITED STATES of America, Appellee,

v.

Diane Carol CANFIELD, Appellant.

No. 88–5391.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1989.

Decided July 20, 1989.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Diane Canfield appeals the district court's order [1] denying her motion for judgment of acquittal and for a new trial based on her objection to the composition of the jury. We affirm.

Canfield, a resident of Minneapolis, was charged with various charges of trafficking drugs in violation of 21 U.S.C. §§ 841, 846. After the jurors were summoned to the courtroom at the commencement of her trial, Canfield moved to quash the venire on the grounds that the Jury Selection Act, 28 U.S.C. §§ 1861–1878 (the Act), had been violated. She objected to the composition of the jury because only one person out of the group of thirty-one resided in Minneapolis. The motion was denied. After the jury returned a guilty verdict, Canfield moved for acquittal and for a new trial based on her objection to the composition of the jury. The court denied both motions.

The Act provides in pertinent part:

Each United States district court shall devise and place into operation a written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of sections 1861 and 1862 of this title, and that shall otherwise comply with the provisions of this title.

28 U.S.C. § 1863(a).

The purpose of the Act is to implement the fair cross-section requirement of the sixth amendment. H.R.Rep. No. 1076, 90th Cong., 2d Sess. 4, *reprinted in* 1968 U.S. Code Cong. & Admin. News 1792, 1793–94. The elements of a prima facie violation of

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

the Act are consequently "functionally equivalent" to those of the sixth amendment. *United States v. Clifford*, 640 F.2d 150, 155 (8th Cir.1981). Those elements are the following:

> (1) [T]hat the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).

Canfield has failed to establish a prima facie case. To establish the first element of the *Duren* test, she would need to show that Minneapolis residents are a distinctive group. A distinctive group is one that is characterized by a clearly identifiable factor such as gender or race and shares common attitudes or experiences. *Willis v. Zant*, 720 F.2d 1212, 1216 (11th Cir.1983), *cert. denied*, 467 U.S. 1256, 104 S.Ct. 3548, 82 L.Ed.2d 851 (1984).

Canfield alleges that "there was no meaningful possibility that the underrepresentation occurred by chance" and that "[s]omething systematic had destroyed randomness in the selection of petit jurors for the District of Minnesota." Her allegations are too vague to support a finding of this first element. Minneapolis residents represent a great diversity of people. They do not share a clearly identifiable factor and do not share common attitudes or experiences. Because Canfield has failed to show that a distinctive group was excluded, her claim must fail.

The order denying the motion for judgment of acquittal and for a new trial is affirmed.

HEANEY, Circuit Judge, concurring.

I concur. The record made by Canfield in this case is inadequate to establish that the jury that convicted her did not represent a fair cross-section of the community from which it was chosen. The case, however, should act as a warning light. Recent population statistics indicate that blacks, Asians, Hispanics and other minority groups represent a large segment of the population of Minneapolis. The method of selecting jurors must be such that these minority groups are appropriately represented in the jury wheel.