**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vanessa Renai FLETCHER,
Defendant–Appellant.**

No. 90–10392.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 1992.*

Decided June 4, 1992.

Lunsford Dole Phillips, Honolulu, Hawaii, for defendant-appellant.

Michael K. Kawahara, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before: HALL, BRUNETTI, and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Vanessa Renai Fletcher appeals her jury conviction for conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Fletcher argues that when the district court excused two college students from the venire, it violated her Sixth Amendment right to a jury representing a fair cross-section of the community. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I

Fletcher and two co-defendants were charged with drug trafficking offenses relating to a shipment of approximately four kilograms of cocaine to Honolulu. Jury selection commenced on April 3, 1990. At the conclusion of its introductory instructions to the venire panel, the district court inquired whether any prospective jurors had reason to seek to be excused. Among the prospective jurors who responded were two full-time college students. Noting its practice to excuse students so they would not miss class, the district court excused both women. Fletcher's counsel objected, claiming the court's action violated Fletcher's Sixth Amendment right to a jury representing a cross-section of the community. Fletcher renews this objection now as her sole basis for appeal.[1]

## II

■ The Sixth Amendment's guarantee of an impartial jury entitles a criminal defendant to a venire that fairly represents a cross-section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 530, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975). This requirement, however, is a means of assuring "not a *representative* jury (which the Constitution does not demand), but an *impartial* one (which it does)." *Holland v. Illinois,* 493 U.S. 474, 480, 110 S.Ct. 803, 807, 107 L.Ed.2d 905 (1990) (emphasis in original).

In *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979), the Supreme Court set forth the criteria necessary to establish a prima facie violation of the fair cross-section requirement. The appellant must show "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process." *Id.*

■ Fletcher's constitutional challenge fails because she cannot satisfy the first requirement of the *Duren* test. In *Willis v. Zant,* 720 F.2d 1212 (11th Cir.1983), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3546, 3548, 82 L.Ed.2d 849, 851 (1984), the Eleventh Circuit articulated a test for determining whether a group is "distinctive" under *Duren.* It held that a defendant must show

(1) that the group is defined and limited by some factor (i.e., that the group has a definite composition such as by race or sex); (2) that a common thread or basic similarity in attitude, ideas, or experience runs through the group; and (3) that there is a community of interests among members of the group such that the group's interest cannot be adequately represented if the group is excluded from the jury selection process.

*Id.* at 1216. Several other circuits have adopted this test. *See United States v. Canfield,* 879 F.2d 446, 447 (8th Cir.1989); *Ford v. Seabold,* 841 F.2d 677, 681–82 (6th Cir.), *cert. denied,* 488 U.S. 928, 109 S.Ct. 315, 102 L.Ed.2d 334 (1988); *Barber v. Ponte,* 772 F.2d 982, 986–87 (1st Cir.1985) (en banc), *cert. denied,* 475 U.S. 1050, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). In *Ford,* the Sixth Circuit held that college students did not satisfy the test, reasoning that "[t]here is no 'common thread or basic similarity in attitude, ideas or experiences' sufficient enough to consider college students a distinctive group." *Id.* at 682–83.

We believe the *Willis* test is sensible, and we agree with the Sixth Circuit that under that test, college students do not qualify as a cognizable group for the purposes of *Duren.* This conclusion flows naturally from our earlier decisions that "young adults" are not a cognizable group under *Duren. See United States v. Kleifgen,* 557 F.2d 1293, 1296 (9th Cir.1977); *United States v. Potter,* 552 F.2d 901, 905 (9th Cir.1977). The group of individuals we call "college students" is no more capable of fitting into a pigeon hole than the group we call "young adults." The group is not defined by any "limiting factor"—anyone may become a college student. Nor is there is a common thread of "attitude" or

---

**1.** Fletcher has standing to raise a Sixth Amendment fair cross-section challenge. *See Holland*

*v. Illinois,* 493 U.S. 474, 476, 110 S.Ct. 803, 805, 107 L.Ed.2d 905 (1990).

"experience" that runs through the group, beyond the fact that every member spends a certain percentage of his or her time in a classroom. It is true that the privilege of a college education continues to be enjoyed by only a minority of our citizens. Nevertheless, the variety of groups that are represented in college classrooms is vast and growing, so that the economic, geographic, racial, sexual, political, and religious demographics of that minority are nearly as diverse as those of the nation itself. It is farfetched to suggest that the college experience could coalesce the diverse points of view that are the necessary product of such divergent experiences into a single "community of interest" that will go unrepresented on a jury if there are no "college students" among its members.[2]

Because Fletcher has failed to establish a violation of her Sixth Amendment right to an impartial jury, the judgment is AFFIRMED.

---

**2.** Fletcher's reliance on *Thiel v. Southern Pacific Co.*, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946), which prohibited the exclusion of daily wage earners from jury service, is unavailing. In *Thiel*, the clerk of the court "deliberately and intentionally excluded from the jury lists all persons who work[ed] for a daily wage." *Id.* at 221, 66 S.Ct. at 986. *Thiel* was decided long before *Duren* and did not consider whether "daily wage earners" constituted a "distinctive group." Furthermore, in this case college students were not "systematically and automatically" excluded from the jury venire, as they had been in *Thiel*. *See id.* at 224, 66 S.Ct. at 987. The presence of the two students at venire evidences the group's representation in the selection pool. The students would have been permitted to serve if they so desired, and would not have been excused based on their student status if classes had not been in session.