125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus E. RODRIGUEZ, Petitioner-Appellant,
v.
STATE of California; James Gomez, Director, Dept. of
Corrections, Respondents-Appellees.
 No. 96-16365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, James Ware, District Judge, Presiding; No. CV-95-20408-JW.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus E. Rodriguez, a California state prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree burglary. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm in part and reverse in part.
 
 
 3
 Rodriguez contends the district court erred by summarily rejecting his habeas petition in which he raised the following grounds for relief: (1) he received ineffective assistance of counsel; (2) the jury was "premeditated" to find guilt; (3) the trial court erroneously allowed an amendment to the charges on the day of trial; (4) the trial court failed to grant his request for an investigator at state expense; and (5) the prosecution knowingly used false testimony. In its first order filed on December 11, 1995, the district court dismissed the first and fourth claims as patently frivolous but gave Rodriguez the opportunity to amend the other three claims. Rodriguez submitted an amended petition and in it, second order filed on May 15, 1996, the district court summarily dismissed the remaining claims. Nothing in the record shows that the district court obtained and reviewed the state court record.
 
 
 4
 "The district court may enter an order for the summary dismissal of a habeas petition '[i]f it plainly appears from the face of the petition and any Exhibits annexed to it that the petitioner is not entitled to relief in the district court." ' Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (quoting Rule 4, Rules Governing Section 2254 Cases). Summary dismissal is appropriate only when the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous. See Id.
 
 
 5
 "A district court's denial of a habeas corpus petition may not be affirmed unless the record on appeal indicates that the court independently reviewed all relevant portions of the state court record." Chaney v. Lewis, 801 F.2d 1191, 1193 (9th Cir.1986). The district court has a duty to obtain sua sponte and review the state court record of mixed questions of fact and law. See id. at 1194.
 
 
 6
 Rodriguez, who chose to represent himself in state court, contends that he received "per se ineffective assistance" because the state court would not appoint an attorney other than a public defender. The district court properly rejected this claim as frivolous without examining the state court record. See Gutierrez v. Griggs, 695 F.2d 1195, 1199 (9th Cir.1983) (district court may summarily dismiss claim where petitioner's own statement of facts does not state a viable claim for relief); see also Wheat v. United States, 486 U.S. 153, 159 (1988) (defendant who cannot afford counsel has no right to attorney of his own choosing); Savage v. Estelle, 924 F.2d 1459, 1466 (9th Cir.1990) (noting that defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to ineffective assistance).
 
 
 7
 Rodriguez contends that the jury was "premeditated" to find guilt because none of the jurors were poor and thus they were likely to believe the prosecution and its witnesses because they were all of the same class.[1] The district court properly dismissed this claim as frivolous without examining the state court record. See Gutierrez, 695 F.2d at 1198-99; see also United States v. Fletcher, 965 F.2d 781, 782 (9th Cir.1992) (defendant claiming denial of an impartial jury must show that the group alleged to be excluded is a 'distinctive group' of the community and that under-representation of the group is due to systematic exclusion of that group in the jury selection process).
 
 
 8
 Rodriguez alleges that the prosecution amended the information the day of trial to include a charge for receiving stolen property and in so doing denied Rodriguez fair notice of that charge. Rodriguez, however, admitted that he did not object to this amendment and that he was not found guilty of this charge. Accordingly, the district court properly dismissed this claim without examining the state court record. See Gutierrez, 695 F.2d at 1197-98 (district court may summarily dismiss claims that do not allege a deprivation of federal rights).
 
 
 9
 Rodriguez contends that the state court erred by failing to grant his request for an investigator at state expense. Rodriquez alleged that after he made an oral motion for an investigator, he was told to file a written motion. He alleged he did so and that motion was taken off calender without a determination being made. He also alleged that he was not granted access to the county library until one day before "pretrial" and thus could not adequately prepare his motions. The district court rejected Rodriguez's claim as frivolous, on the grounds that a defendant who chooses to represent himself has no right to an investigator paid for by the state; the court concluded that such a right only derived from the appointment of counsel. However, a defendant who chooses to represent himself must be afforded some means for assistance in the preparation of his defense which can include access to expert witnesses, investigators, law books, and means of communication with witnesses). See Milton v. Morris, 767 F.2d 1443 1447 (1985); see also People v. Flaxel, 91 Cal.App.3d 327, 329 (Cal.Ct.App.1979) (self-represented defendant has the right to the same ancillary services as those sought by counsel for an indigent client). Accordingly, we reverse and remand this claim to the district court with instructions to obtain and review the state court record and determine whether an evidentiary hearing is required. See Chaney, 801 F.2d at 1194.
 
 
 10
 Rodriguez contends that the prosecution put forth perjured testimony. Specifically, he alleged that eyewitness Ken Headley's testimony at trial was inconsistent with his taped 911 call and the police report in that price to trial Headley was unable to name the race of defendant or give a detailed description. In addition, Rodriguez alleged that although the officers declared he was carrying a red jacket at the time of his arrest, and that the jacket was reported in Headley's description of him, no such jacket was ever booked as part of the evidence. He further alleged that the prosecution introduced a false exhibit which left out several building structures in order support Headley's claim that he never lost site of Rodriguez from, his office window. Finally, Rodriguez alleged that Detective Contreras was in the courtroom during the trial instructing the witness' testimony. Rodriguez's allegations cannot be dismissed without review of the state court record. See Bonin v. Calderon, 59 F.3d 815, 844 (1995), cert. denied, 116 S.Ct. 718 (1996) (if prosecution knowingly uses perjured testimony or knowingly fails to disclose testimony is false, conviction must be set aside if false testimony could have affected the jury verdict). Accordingly, we reverse and remand this claim to the district court so that it may review the state record and determine whether an evidentiary hearing is required. See Chaney, 801 F.2d at 1194.[2]
 
 
 11
 AFFIRMED in part; REVERSED AND REMANDED IN PART.
 
 
 12
 Each party shall bear its own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his amended petition, Rodriguez also made the statement that there were no blacks in the juror pool. On appeal he states that there were two Hispanics and one black person in the juror pool. However, in both instances he does not allege that there was racial bias in the selection process but instead states that having a jury that knows nothing about poverty renders the jury biased
 
 
 [2]
 On appeal, Rodriguez also contends that: (1) he was in "jail garb" during trial; (2) he was only permitted four peremptory challenges instead of ten; (3) he was sentenced the same day he was convicted thus depriving him the opportunity for a new trial motion. Because Rodriguez did not present these issues to the district court, we do not consider them here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)