**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-30249 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00217-JCC-3 |
| v. | |
| ANTHONY PELAYO, AKA Raymond Jones, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-30252 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00217-RSM-9 |
| v. | |
| JEROME ISHAM, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-30265 |
| Plaintiff-Appellee, | D.C. Nos. 2:18-cr-00217-RSM-1 2:18-cr-00217-RSM |
| v. | |
| BRADLEY WOOLARD, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 7, 2023
Seattle, Washington

Before: HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

Anthony Pelayo, Jerome Isham, and Bradley Woolard appeal their convictions, following a jury trial, on multiple counts related to their conspiracy to possess fentanyl with the intent to distribute. Pelayo challenges the search of his iCloud account. Isham asserts that the government engaged in outrageous conduct in failing to disclose to the district court his prior counsel's alleged conflict of interest, and also challenges the dismissal of unvaccinated jurors. Woolard challenges the search of his home and claims a violation of his speedy trial right under the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.    Anthony Pelayo

Pelayo contends that the district court erred in denying his motion to suppress evidence obtained from an allegedly invalid search warrant of his iCloud account. We review de novo the validity of a search warrant. *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021). First, "[a] warrant must be supported by

2

probable cause—meaning a fair probability that contraband or evidence of a crime will be found in a particular place based on the totality of circumstances." *Id.* (internal quotation marks and citation omitted). Second, "[a] warrant must not be overbroad." *Id.*

Pelayo asserts that the warrant to search his iCloud account was "an unconstitutional general warrant," which lacked particularity, was overbroad, and lacked temporal limitations as to search or retention of seized evidence. We disagree. We have upheld searches for "computer hardware," "computer software," and "records stored in the form of electronic or magnetic coding or on computer media." *United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000); *see also United States v. Flores*, 802 F.3d 1028, 1044–45 (9th Cir. 2015) (allowing search of Facebook account). The information sought here, which was stored in an iCloud account, is not materially different from the information that can be stored in "the device itself." *See Riley v. California*, 573 U.S. 373, 397 (2014). Additionally, the warrant identified the accounts to be searched by phone number and Apple ID and it described the data to be disclosed by Apple and the evidence that the government could search for and seize. Although the categories of information that Apple was to produce encompassed the entirety of Pelayo's iCloud account, the search and seizure of evidence was limited to the outlined crimes and specified twenty-one

3

types of evidence that the government could seize.[1] Thus, the warrant was not a general warrant, because it did not allow the executing officer to rummage through Pelayo's iCloud account without discretion. *Andresen v. Maryland*, 427 U.S. 463, 480 (1976).

Pelayo's argument that the government did not limit its request to Apple to exclude allegedly unnecessary information such as iTunes or iGames also lacks merit. Here, it is possible that these accounts contained evidence of a crime but, even if they did not, the search and seizure of data that was obtained from Apple was limited to evidence of the specified crimes. Although we have recognized that challenges such as over-seizing exist in electronic searching, we have allowed for two-step searches[2] of electronically stored data. *See Flores*, 802 F.3d at 1044–45. There was nothing improper about the government segregating the information provided by Apple. *See id.* at 1044–46; *see also United States v. Schesso*, 730 F.3d

---

[1] Pelayo challenges the warrant's scope alleging there was no evidence of money laundering or firearm offenses. However, he did not raise this issue to the district court. *See United States v. Oliver*, 60 F.3d 547, 549 (9th Cir. 1995). Even if he had, based upon the agent's experience and training, it was reasonable to believe that evidence of these crimes could exist in the large drug-trafficking ring at issue here. *See United States v. Parks*, 285 F.3d 1133, 1142 (9th Cir. 2002).

[2] The two-step search process allows the government to seize electronically stored data and then allows the government to review the materials seized to determine what documents are responsive to the search warrant. *See Flores*, 802 F.3d at 1044–45; *see also* Fed. R. Crim. P. 41(e)(2)(B).

1040, 1046 & n.3 (9th Cir. 2013).

We also reject Pelayo's arguments that an iCloud account is too broad a place to be searched. We do not require warrants to specify rooms in a house nor do we require warrants to specify files on a computer. *See United States v. Henderson*, 906 F.3d 1109, 1119 (9th Cir. 2018); *United States v. Cannon*, 264 F.3d 875, 880–81 (9th Cir. 2001). The warrant was limited to evidence of specific crimes and listed twenty-one specific items related to those accounts. Even assuming that Apple could have segregated certain files in the iCloud account, officers had no way of knowing where they may have found evidence related to the alleged crimes.

We also reject the argument that the warrant was not temporally limited. The warrant was limited to evidence after January 2013. That the officers segregated the seized evidence based on the relevant date ranges rather than Apple (which explained that temporal limitations in the iCloud account were not possible) does not undermine the warrant's validity.

Here, the warrant properly directed law enforcement to the particular place to be searched: Pelayo's iCloud account. It also specified the time period of the documents to be searched, the offenses at issue, and the twenty-one specific items to be searched.[3] Furthermore, Pelayo does not point to any evidence that was used

---

[3] The government's motion for judicial notice (Dkt. 25) is denied as moot.

5

against him that was obtained through the allegedly overbroad provisions. Accordingly, the district court did not err in denying the motion to suppress. Nor did it abuse its discretion in declining to hold an evidentiary hearing on this issue.

## II.  Jerome Isham

### A. Evidentiary Hearing

The district court did not abuse its discretion in failing to hold an evidentiary hearing with regard to the government's conduct surrounding its knowledge of two conflicts of interest concerning Isham's prior counsel. *See United States v. Hagege*, 437 F.3d 943, 951 (9th Cir. 2006). Both conflicts arose out of Isham's counsel's representation of Woolard and the confidential informant.

Even assuming that the conflicts existed, the government did not engage in outrageous conduct by not notifying the district court of the conflicts. *See United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011). First, Isham's initial indictment was dismissed, and Isham has had conflict-free counsel through the course of the proceedings on the operative indictment. Second, assuming any conflict bled over to the present proceedings, the government's conduct was proper under the circumstances, and at the very least not outrageous. The government informed Isham's counsel of the possible conflicts of interest as it became aware of them. Isham's counsel and Isham had discussed the possible conflict with the confidential informant, which Isham's counsel did not believe was a conflict. And

6

when Isham's counsel questioned Isham about his relationship with Woolard, Isham denied knowing Woolard. Isham's counsel represented to the government that there was no known conflict between Isham and Woolard. *Cf. Holloway v. Arkansas*, 435 U.S. 475, 485 (1978) ("An attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial." (internal quotation marks and citation omitted)). Regardless, Isham's counsel would soon later withdraw from representing Woolard. And he withdrew from representing Isham after the government provided further information about the confidential source and raised the potential for a conflict. Any additional evidence that may have been obtained through an evidentiary hearing (i.e., when the government knew of the conflicts, what steps it took to discover the conflicts, why it did not inform the court, and whether it was responsible for the almost fifteen-month delay when Isham's counsel asked for continuance) would not alter the conclusion that the government's conduct was not outrageous or that it did not prejudice Isham.

B. Voir Dire

Isham waived any challenge to the voir dire procedures and jury selection when his counsel did not object to the removal of persons unvaccinated for COVID-19 and accepted the jury. *See United States v. Perez*, 116 F.3d 840, 845

7

(9th Cir. 1997) (en banc) ("Forfeited rights are reviewable for plain error, while waived rights are not."). Even if not waived and even if the district court improperly discharged unvaccinated persons, Isham failed to "establish a prima facie violation of the fair-cross-section requirement," *Duren v. Missouri*, 439 U.S. 357, 364 (1979), because, among other things, persons unvaccinated for COVID-19 are not a "distinctive group" with similar "attitude[s], ideas, or experience," *see United States v. Fletcher*, 965 F.2d 781, 782 (9th Cir. 1992).

Isham also failed to establish any prejudice based upon the district court's voir dire procedures. *United States v. Padilla-Mendoza*, 157 F.3d 730, 733 (9th Cir. 1998). Although some confusion existed with regard to seating jurors, which the district court acknowledged, the district court remedied the error. The inclusion of one juror, who Isham would have excluded if the defense had additional peremptory challenges, is insufficient to establish that the jury was "presumptively biased." *See id.* at 734.

### III. Bradley Woolard

#### A. Search Warrant

Woolard appeals the district court's denial of his motion to suppress evidence following an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The district court found the investigating law enforcement agent's testimony credible and found that the information the agent omitted from the

warrant affidavit was "innocent, or at worse negligent." The district court did not clearly err in finding that the agent did not intentionally or recklessly omit the challenged facts from the warrant affidavit. *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985). The agent here credibly testified that some facts omitted from the warrant affidavit were unknown to the agent at the time of the drafting and other facts were determined not to be significant. Still others Woolard did not raise below. Having reviewed the omitted evidence, we conclude that the district court did not err. *See United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017).

B. Speedy Trial Right

Woolard challenges the denial of his speedy trial right under the Sixth Amendment. "To determine whether a defendant's Sixth Amendment speedy trial right has been violated, [the court] balance[s] the following four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Mendoza*, 530 F.3d 758, 762 (9th Cir. 2008) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). We review the "district court's decision on a Sixth Amendment speedy trial claim" de novo and review the findings of fact "underlying the claim . . . for clear error." *Id.* The district court did not err in finding that Woolard did not establish he had not been deprived of his Sixth Amendment right.

Woolard was indicted in September 2018 in a complex drug-trafficking conspiracy. The government issued four superseding indictments over the course of two years, charging additional defendants. The district court found that the majority of the delay was because of the "increased complexity" of the case, as the government added additional charges and co-defendants. *See Barker*, 407 U.S. at 530–31. Although there was almost a three-year delay between Woolard's indictment and trial, Woolard agreed to a delay of eighteen months and the additional delay was caused by a combination of the district court allowing additional time for newly charged co-defendants and the COVID-19 pandemic. There was no evidence that the government purposefully delayed its investigation or caused additional delays. And the district court determined that any prejudice suffered by Woolard was not caused by the delay in the trial but rather by COVID-19 restrictions. Applying the *Barker* balancing test, the weight is not in Woolard's favor. Accordingly, Woolard's Sixth Amendment speedy trial right was not violated.

Based on the foregoing, the judgment of the district court is **AFFIRMED.**