**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2026 |
| Plaintiff - Appellee, | D.C. No. |
| v. | 1:21-cr-00019-JCC-3 |
| SALLY CRUZ ROBERTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the District Court of Guam
John C. Coughenour, Senior District Judge, Presiding

Submitted February 11, 2025[**]
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.
Concurrence by Judge BRESS.

Sally Cruz Roberto appeals the denial of her motion for a new trial based on

the district court's exclusion of potential jurors who had not been vaccinated for

COVID-19. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the

district court's order denying the motion for a new trial.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review independently and non-deferentially a challenge to the composition of grand and petit juries." *United States v. Sanchez-Lopez*, 879 F.2d 541, 546 (9th Cir. 1989) (citing *United States v. Miller*, 771 F.2d 1219, 1227 (9th Cir. 1985)). Because the parties are familiar with the history of the case, we need not recount it here.

I

The Sixth Amendment "afford[s] criminal defendants 'the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community.'" *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1157 (9th Cir. 2014) (en banc) (quoting *Berghuis v. Smith*, 559 U.S. 314, 319 (2010)).

We apply the three-part test from *Duren v. Missouri*, 439 U.S. 357, 364 (1979) to determine whether a defendant has established a prima facie violation of the fair cross-section requirement. *Hernandez-Estrada*, 749 F.3d at 1159. First, the defendant must show "that the group alleged to be excluded is a 'distinctive' group in the community"; second, "that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community"; and third, "that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Id.* (quoting *Miller*, 771 F.2d at 1228).

Roberto's claim fails at the first *Duren* prong, as she has not shown that those unvaccinated for COVID-19 are a "distinctive group." *Duren*, 439 U.S. at 364. There is no evidence to support Roberto's claim that unvaccinated individuals in the District of Guam are "unified by shared characteristics or beliefs about vaccination." *See United States v. Fletcher*, 965 F.2d 781, 782 (9th Cir. 1992) (a group may qualify as distinctive if the defendant can show, *inter alia*, that the group is "defined and limited by some factor" and "the group's interest cannot be adequately represented if the group is excluded from the jury selection process") (internal quotation marks omitted).

Because Roberto failed to meet the first *Duren* requirement, we need not reach the other two elements of the claim. *See United States v. Miller*, 771 F.2d 1219, 1228 n.3 (9th Cir. 1985).

II

Roberto raises a Jury Selection and Service Act challenge based on the same facts as her constitutional claim. "The test for a constitutionally selected jury is the same whether challenged under the Sixth Amendment of the Constitution or under the Jury Selection and Service Act." *Sanchez-Lopez*, 879 F.2d at 546 (quoting *Miller*, 771 F.2d at 1227)). Thus, her Jury Selection Act claim fails because she

3

did not establish a prima facie fair cross-section violation. *See United States v. Erickson*, 75 F.3d 470, 477 (9th Cir. 1996).[1]

**AFFIRMED.**

---

[1] Even if Roberto had established a constitutional violation, her statutory claim would still fail because she did not comply with the Jury Selection and Service Act's procedural requirements. 28 U.S.C. § 1867(a), (d), (e) (requiring a timely motion accompanied by a sworn statement of facts); *United States v. Wellington*, 754 F.2d 1457, 1468 (9th Cir. 1985).

*United States v. Roberto*, No. 23-2026

FILED

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRESS, Circuit Judge, concurring:

I agree that Roberto has not demonstrated a Sixth Amendment or statutory violation on this record. That said, I question the basis for the district court's decision, in the absence of any active health emergency, to excuse otherwise eligible jurors who had not been vaccinated for COVID-19. To my knowledge, this is not a common practice in district courts so many years after the COVID-19 pandemic. Although the challenge before us fails, nothing prevents defendants from raising other available objections to the exclusion of unvaccinated jurors.

1