BARFIELD, Judge.
Paul Carrasquillo appeals a final order denying his motion for reimbursement of discovery costs because of his failure to follow procedures outlined in a court administrative order. We reverse.
Appellant, who was attending the Florida Job Corps Center in Gainesville, was charged with the sexual battery of a young woman resident of the center. He was found to be indigent and a private attorney was appointed to represent him. Appellant’s counsel requested the court to authorize up to $500 to pay an investigator to interview the victim[1] and other potential defense witnesses, some of whom had left Gainesville. This request was made under administrative order 1.020A which authorizes payment by the county for investigative and other special services with prior authorization by the court. The trial judge indicated that he was disposed to deny the *506 motion unless appellant’s attorney could provide relevant and persuasive case authority to support it. Instead of pursuing the motion for authorization of funds, appellant’s counsel hired an investigator who interviewed six job corps employees, ten job corps students, a police officer, and the victim’s parents in Crestview, for a total charge of $1108.35.
The state thereafter entered a nolle pro-sequi to the charges.[2] Appellant filed a motion for reimbursement of the investigative costs, asserting that they were reasonable and necessary to an adequate and effective representation. The State filed a memorandum in opposition to the motion, asserting that appellant’s counsel chose to ignore the local rule requiring prior authorization for expenditures, and that reimbursement for these investigative services would amount to double billing of the county, “since the attorney is paid to do his own work under the Special Public Defender contract.”
After a hearing at which counsel for Alachua County raised objections to the amount of the investigative services[3], the trial judge denied the motion, “because the proper procedures in accordance with the Contract, and in accordance with the Eighth Judicial Circuit Court Administrative Order 1.020 A, were not followed.”
Appellant contends that the administrative order on which the trial court based its ruling was inapplicable because it speaks to prior authorization, which was sought unsuccessfully, and that once the expense was incurred, the rules of criminal procedure and the case law interpreting those rules determine reimbursement. Appellant asserts that his constitutional right to effective and adequate representation is “superior to a mere local administrative order which would allow for the complete denial of funds to complete reasonable, necessary and useful investigation.”
The State points out that the requirement.of prior authorization for expenditure of county funds allows the trial court to place some limit on the expenditure of county funds and that appellant’s counsel unilaterally secured the investigative services without informing the court, state attorney, or county, in direct contravention of his contractual obligations and the longstanding procedural practice of the Eighth Judicial Circuit. The State argues that appellant must therefore bear the risk and suffer the consequences of his counsel’s actions.
We find that the trial court erred in denying appellant’s motion for reimbursement solely on the ground that he had failed to comply with the administrative order requiring prior authorization. Even when a motion for authorization of funds in compliance with the administrative rule is denied, Florida Rule of Criminal Procedure 3.220(k) provides for payment by the county of costs which were reasonable and necessary to the defense of an indigent defendant. Although compliance with the administrative order is not a prerequisite to reimbursement under rule 3.220(k), an indigent defendant and his counsel who choose to incur investigative or other special expenses without prior authorization by the court run the risk of having the subsequent request for reimbursement denied if the court finds that the costs incurred were not reasonable and necessary to his defense.
The trial court made no finding regarding the reasonableness and necessity of the investigative costs incurred in this case, nor does it appear that the question was adequately explored below, the focus apparently being on appellant’s failure to comply with the administrative rule regarding prior authorization.
This cause is therefore REVERSED and REMANDED for a determination by the trial court of whether the investigative services, and the amount of the charges for *507 those services, were reasonable and necessary under the particular circumstances of this case[4].
SMITH and JOANOS, JJ., concur.

. The victim had moved back to her home in Crestview.

. According to the State, this action was taken because the victim was unwilling to return to Gainesville and participate in the prosecution.

. The county specifically objected to the amount charged for mileage.

. If the trial court finds that some, but not all, of the investigative services were reasonable and necessary, or that the amounts charged for the investigative services were not reasonable, an order of partial reimbursement would be appropriate.