NIMMONS, Judge.
The defendant appeals from a judgment and sentence for the offense of trespass of an occupied structure, a lesser included offense of burglary with assault as charged in the information. We have examined the issues raised by the defendant and find them to be without merit except with respect to the trial court’s order denying the defendant’s motion seeking reimbursement of certain costs. The defendant sought such reimbursement as an acquitted or discharged defendant under Section 939.06, Florida Statutes, and as an indigent. We affirm the order insofar as its denial of the motion under Section 939.06 but reverse and remand on the indigency basis.
The state concedes that the appellant was entitled to some of the claimed costs which are taxable to the county under Sections 939.07 and 939.15, Florida Statutes. The defendant was entitled to a hearing to determine the reasonableness and necessity of the claimed costs under our holding in Carrasquillo v. State, 502 So.2d 505 (Fla. 1st DCA 1987). On remand, the trial court should also consider the applicability of other pertinent sections such as Sections 914.06, 914.11, 916.11, as well as Fla.R.Cr.P. 3.220(k). The court should also take into consideration the defendant’s partial indigency as previously adjudicated by the trial court.
Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
SHIVERS C.J., and SMITH, J., concur.