PER CURIAM.
This court has before it a petition for writ of certiorari filed by the Public Defender on behalf of Jerry Lee Louis, an indigent defendant who faces a capital murder charge. It is asserted that the trial court departed from the essential requirements of law in denying a motion to compel the Board of Commissioners of DeSoto County (hereinafter “County”), to pay the pre-trial consultation fee of an expert witness pursuant to section 27.54(3), Florida Statutes (1993).[1] The court denied the motion because no order had been entered approving the hiring of the expert as required by the County’s Administrative Order No. 92-14, Twelfth Judicial Circuit (hereinafter “Administrative Order 92-14”)[2]. The petition is granted, the trial court’s order is quashed, and the matter is remanded for further proceedings.
In the present case the Public Defender attempted to comply with Administrative Order 92-14 by filing an application for approval of an expert. A hearing was conducted on the application; however, for some reason not apparent in this court’s record, Judge Howard Holtzendorf refused to enter an order on the matter.
After the expert had performed services for the Public Defender on behalf of Louis, a bill was forwarded to the County for payment pursuant to section 27.54(3). When the County refused to remit payment, a Motion for Pre-trial Determination as to the Reasonableness of Expert Witness Fees was filed and, subsequently, a Motion to Compel the County to Pay the Expert Witness Fees and Costs. The court entered an order denying the motion for pre-trial determination and stated: “This court takes the position that so long as Administrative Order 92-14 is in effect, the Public Defender’s position that expenditures for expert fees under Section [27].54(3) should be directly billed to the County, and that prior Court approval is neither authorized nor necessary is without merit.”
Thereafter, a hearing was conducted on the motion to compel. The court denied the motion, reasserting its position that the court is bound by Administrative Order 92-14. The court held that in order to qualify for payment of fees by the County it is a “condition precedent” for the indigent defendant to obtain an order approving the hiring of an expert for pre-trial consultation prior to the retention of the expert. This position is erroneous. See Carrasquillo v. State, 502 So.2d 505 (Fla. 1st DCA 1987).
In examining Administrative Order 92-14, we note that the consequence of an indigent failing to obtain court approval prior to retaining an expert is merely that counsel may *853 risk personal responsibility for the fee. Compliance with Administrative Order 92-14, while not a prerequisite for payment of an indigent’s pre-trial consultation fees for an expert, is nevertheless very prudent. In the present case, the tnal court has never ruled on the reasonableness of the expenditure for such fees. This matter is remanded for the trial court to conduct a hearing to determine the reasonableness of the fees at the time such fees were incurred.
Petition granted, the trial court’s order is quashed, and this matter is remanded for further proceedings in accordance with this opinion.
ALTENBERND, A.C.J., and LAZZARA and WHATLEY, JJ., concur.

. 27.54 Expenditures for public defender’s office.—
[[Image here]]
(3) ... The public defender's offices shall also be provided with pre-trial consultation fees for expert or other potential witnesses consulted before trial by the public defender; out-of-state and out-of-jurisdiction travel expenses incurred by public defenders or by investigators while attempting to locate and interrogate witnesses for the public defender in the defense of a criminal case; court reporter costs incurred by the public defender during the course of an investigation and criminal prosecution, which costs are certified by the public defender as being useful and necessary in the preparation of a criminal defense, provided that nothing herein shall be construed to prohibit the county from contesting the reasonableness of the expenditure in the court wherein the criminal case is brought; ...

. IN RE: EXPERT WITNESS FEE GUIDELINES
[[Image here]]
Ordered that in criminal cases the following expert fee criteria shall be established where fees are to be paid with county funds:
[[Image here]]
5. ATTORNEYS MUST RECEIVE COURT APPROVAL REGARDING AUTHORIZATION OF EXPERTS AND FEES PRIOR TO RETAINING AN EXPERT; OTHERWISE, COUNSEL MAY RISK PERSONAL RESPONSIBILITY FOR THE EXPERT FEE INCURRED.