STEVENSON, Judge.
This is a timely petition for writ of certio-rari from a series óf Palm Beach County circuit court orders awarding compensation to a court-appointed private investigator in a capital felony prosecution. We grant the petition for writ of certiorari because it does not appear from the transcript' or from the final order that the trial court considered the reasonableness of the investigative fee requested in making its ruling.
After a hearing, the trial court determined that $25,000, rather than the $32,-951.79 requested, was an appropriate fee for the investigative services rendered. Without presenting any evidence or challenging the specific services claimed in the itemized bills as unnecessary, the assistant county attorney argued in opposition that the requested fees were “extraordinary” and exceeded the investigative fees awarded for “any other capitál case in this circuit,” including certain recent high profile eases involving John Zile and- Joseph Vannier. The assistant county attorney urged the court to exercise its “inherent'discretionary authority” and trim down the bill so that it would not be “such an unreasonable burden on the County.” At the conclusion of the hearing, the trial judge stated, “I want $25,000 total” and entered the orders on review.
In view of the record before us, we can only conclude ;tha,t the trial judge’s reduction *872 of the requested fee to $25,000 has no eviden-tiary foundation. Accordingly, we grant the petition for writ of certiorari, and remand this cause to the trial court to hold an eviden-tiary hearing and submit an order on the reasonableness of the requested fee. See Carrasquillo v. State, 502 So.2d 505 (Fla. 1st DCA 1987). While no specific findings are required, the record must demonstrate that the trial court has considered the reasonableness of the amount requested in light of the evidence presented at the hearing. On remand, the trial court must determine whether the time alleged to have been spent on the investigation was accurate, reasonable and necessary.
WARNER, J., concurs.
SHAHOOD, J., dissents with opinion.