PER CURIAM.
Criminal Specialist Investigations, Inc., Petitioner, seeks a writ of certiorari quashing the trial court’s order denying a motion for additional mitigation coordinator fees in a capital case. Petitioner argues that the trial court failed to undertake the appropriate consideration of the reasonableness and necessity of the costs at issue with respect to this particular case. We agree. Accordingly, we grant the petition, quash the order under review, and remand this case for further proceedings.
The trial court appointed Rosalie Bolin as the mitigation coordinator in the case of Tajuane Dubose, who was charged with first-degree murder and shooting or throwing deadly missiles. Dubose was eligible for the death penalty, and his private court-appointed counsel hired Bolin to assist in the preparation for the penalty phase of his case, which the trial judge found was one of the most unusual and extraordinary cases he had presided over. Over the course of the case, the trial court approved several motions for mitigation coordinator fees. After the penalty phase was complete, and Dubose had been sentenced to life imprisonment, defense counsel filed an Amended Fourth and Final Ex-Parte Motion for Authorization to Incur Additional Mitigation Coordinator Fees. In the amended motion, defense counsel opined that the favorable verdict of life imprisonment was due largely to Bo-lin’s work on the case. He described Bo-lin’s role as “instrumental” and provided *885 some detail about her work. Additionally, an itemized bill was attached to the motion, and counsel alleged that the Justice Administrative Commission (“JAC”) had no objection to the payment of the fees requested.
At a hearing where the motion was discussed, the trial judge opined that Florida law did not recognize any such position as that of a mitigation coordinator. The judge also opined that Bolin had already been paid too much and that the overpayment of mitigation coordinators was becoming a trend in capital cases. The judge stated that, although he had no problem with “what [Bolin] did in this case,” he believed that a general investigator or paralegal could have accomplished the same results for much less money. The JAC’s counsel informed the court that it would not oppose the motion for additional mitigation coordinator fees if the court found those fees to be reasonable and necessary.
Despite the trial judge’s announcement of his general opinion that mitigation coordinator fees were too high and that the work of a mitigation coordinator is no different from the work of general investigators, the judge advised defense counsel that he would consider additional information after the hearing. The judge directed defense counsel to supply a log providing Bolin’s hours and explaining what she did, stating that he would “rethink the issue” if defense counsel convinced him that Bolin’s work justified the fees she was requesting. Defense counsel provided an appendix containing an itemized bill, letters from attorneys who vouched for the quality of Bolin’s work and the importance of mitigation coordinators in general, a letter from Du-bose’s mother expressing her perspective of the impact Bolin had on Dubose’s case, and legal publications describing the work of mitigation coordinators, also known as mitigation specialists. The JAC raised no objection to the consideration of these documents. After receiving this additional information, the court denied the motion without explaining its reasoning.
Under Florida law, private court-appointed attorneys are entitled to reimbursement from the state revenue of “reasonable and necessary expenses” in accordance with section 29.007(6), Florida Statutes (2009). § 27.5304(1), Fla. Stat. (2009). Such expenses include “[r]easonable pretrial consultation fees and costs.” § 29.007(6). Although the JAC is the entity that provides compensation for such fees and costs, the trial court has the “primary authority and responsibility for determining the reasonableness of all billings for attorney’s fees, costs, and related expenses, subject to statutory limitations.” § 27.5304(1), (3).
When a private court-appointed attorney incurs investigative costs without prior authorization from the court, the attorney “run[s] the risk of having the subsequent request for reimbursement denied if the court finds that the costs incurred were not reasonable and necessary to his defense.” Carrasquillo v. State, 502 So.2d 505, 506 (Fla. 1st DCA 1987). However, it is improper for a court to deny a request for reimbursement of investigative costs without making a finding regarding the reasonableness and necessity of the costs incurred, at least where it appears from the record that this issue was not “adequately explored.” See id. The finding of “reasonableness and necessity” must be made with respect to “the particular circumstances of th[e] case” for which the costs were incurred. See id. at 507; accord McMann v. Bd. of County Comm’rs., 707 So.2d 871 (Fla. 4th DCA 1998) (granting a petition for writ of certiorari where the trial court cut approximately $8,000 from the bill for investigative costs based on its “inherent discretionary authority” rather than specific concerns about the *886 items listed in the bills). Although no specific finding is required, it must appear from the record that the trial court made the appropriate consideration with respect to the evidence presented. McMann, 707 So.2d at 872.
Based on the trial court’s comments in this case and the lack of opposition to the motion by the JAC, it appears that the trial court denied defense counsel’s motion based on its general concern that there is no position under Florida law known as a “mitigation coordinator” and that the fee she requested was too high. However, relevant legal authorities establish that “mitigation coordinator” or “mitigation specialist” is the title of a legitimate job related to the defense of criminal defendants who are eligible for the death penalty. The United States Supreme Court has determined that the ABA standards are “guides to determining what is reasonable” in terms of an attorney’s performance. Wiggins v. Smith, 539 U.S. 510, 524, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed. 2003) (“ABA Guidelines”) suggest that the “defense team” in a capital case include “at least one mitigation specialist and one fact investigator.” § 10.4(C)(3)(a), ABA Guidelines; see also § 4.1(A)(1). The commentary to section 4.1 of the ABA Guidelines explains the role of a mitigation specialist, calling this person “an indispensable member of the defense team throughout all capital proceedings” and stating that “[mjitigation specialists possess clinical and information-gathering skills and training that most lawyers simply do not have.” Additionally, the use of a mitigation specialist or a mitigation coordinator is not unusual in Florida. See, e.g., Turner v. State, 37 So.3d 212, 219 (Fla.2010) (noting that a mitigation specialist testified in the penalty phase of a capital case); Twilegar v. State, 42 So.3d 177, 203 (Fla.2010) (noting the use of a mitigation specialist); Deparvine v. State, 995 So.2d 351, 360 (Fla.2008) (noting a mitigation specialist’s testimony). In fact, the common use of a mitigation coordinator was acknowledged by the trial court when it opined that the requests for and approval of their fees had gone too far as a general rule.
Based on the apparent widespread use of mitigation specialists or coordinators and the recommendation of the ABA Guidelines that capital defense attorneys consult them, the trial court was incorrect in its suggestion that there was no such position recognized under applicable law. The parties have conflicting views of whether a mitigation coordinator or specialist is simply a type of investigator or something else. This dispute is irrelevant to the issue at hand because trial courts are to consider the reasonableness of investigative costs based on the specific evidence adduced in support of the costs in a particular case. The record in the instant case does not reflect that the trial court gave case-specific consideration to the reasonableness and necessity of the costs the defense incurred in hiring Bolin. Because such consideration is required by Florida law, the trial court’s handling of the motion at issue was a departure from the essential requirements of the law. See Carrasquillo, 502 So.2d at 506; McMann, 707 So.2d at 872. Consequently, we grant the petition, quash the order under review, and remand for further proceedings consistent with this opinion.
PETITION GRANTED.
VAN NORTWICK, LEWIS, and CLARK, JJ., concur.