PER CURIAM.
Defendant, Angelí, appeals from his conviction of unlawful possession and sale of heroin after a jury trial.
Prior to trial Angelí moved, under Rule 1.220(e) CrPR, 33 F.S.A., for the exchange of a list of all witnesses known to the parties. The state, through inadvertence, failed to comply with the aforesaid rule. After the jury had been selected and witnesses sworn defendant moved to exclude all the state’s witnesses because of its. failure to comply with the aforesaid rule. The court denied the motion as being untimely and defendant argues, on appeal, that this was reversible error.
Ramirez v. State, Fla.App.1970, 241 So.2d 744, held that even though it is mandatory for the prosecuting attorney to comply with this rule after it has been invoked by the defendant, the trial judge still has discretion which he could properly exercise after making an adequate inquiry into all the surrounding circumstances.
Here, the trial judge failed to make any adequate inquiry into all of the surrounding circumstances in the case, and simply denied the motion for a mistrial as untimely. An adequate inquiry into all the surrounding circumstances may have demonstrated that some of the state’s witnesses were not known to the defendants. The names of certain witnesses may have been available to defendant through the exchange of a list of witnesses and he may *28 have been prejudiced by the failure of the state to furnish him with a list of the witnesses in accordance with the rules. Under the authority of Ramirez, supra, we must reverse.
Angelí has argued several other points on appeal which have been examined and have been found lacking in sufficient merit to warrant reversal. The orders appealed from are, therefore, reversed and the cause remanded for a new trial.
Reversed and remanded.