PER CURIAM.
This is an appeal from a judgment and sentence for first degree murder. The appellant was tried before a jury and found guilty. On this appeal no question is raised as to the sufficiency of the evidence to support the jury verdict. The three points raised are as follows:
“I.
“Whether the trial court, in denying the defendant’s motion for transcript deprived him of due process of law and the effective assistance of counsel as is required by the fifth and sixth amendments of the United States Constitution.
“II.
“Whether the trial court erred in overruling the defendant’s objections to the *438 testimony of the state witnesses in that the state had not complied with Rule [3].220(e), Florida Rules of Criminal Procedure.[1]
“III.
“Whether the trial court erred in allowing John Gallagher, a co-defendant, to testify in that the defense was not advised prior to trial that he would testify even though a motion for discovery pursuant to Rule [3],220 had been filed.”
The first point presented urges reversible error because the trial judge denied the motion of defendant’s attorney for an order : “ . . . requiring the Court Reporter to transcribe all proceedings held with reference to Defendant’s case which are not at this time, written down and otherwise available for inspection to Defendant or his counsel”.
Defendant was found guilty of first degree murder on May 23, 1972. He was represented by a court-appointed private attorney until April 17, 1972, when the court-appointed attorney withdrew; the public defender was appointed to represent the defendant on the same day. Two days later, on April 19, 1972, defense counsel filed the motion for a transcript of all proceedings held prior to his appointment.
The essence of defense counsel’s motion contended that since he had just entered the case he was unable to determine previous events in pretrial proceedings without a transcript of those proceedings. At this time numerous defense motions had been filed with the court, and there is no explanation by the defense as to why a review of the court file and communication with the defendant and defendant’s previous attorney would not have adequately familiarized him with the case. There simply is no basis for a holding that the trial judge abused his discretion in determining that a transcript of arguments on motions made no difference in access to the instruments needed to vindicate legal rights. See Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41, 43 (1967). If the defendant’s attorney had asked for a transcript of a particular hearing or hearings which were certified to exist either in typed or note form, then his request would have been more pertinent. The trial judge originally and this court upon appeal could then have determined whether there was a possibility that a transcript might aid the defendant in his defense. The rule seems to be that the defendant is entitled to any record that reasonably might contain matters material to his defense. See Roberts v. LaVallee, supra. In the case at bar, the appellant simply has not by his demand in the trial court or his argument here, brought himself within the rule.
Turning to appellant’s second point, we hold that the trial judge did not err in denying defendant’s objection made at the time the State called its first witness. The obj ection was as follows:
“Your Honor, the defense will object to any testimony from Sgt. Valdez. At the time that the Court ordered severance of this trial, it is not known by the defense whether or not the State Attorney incorporated it into the severance all motions which he had made prior to the severance. In other words, exchange of witness list, etc. I have no way of knowing, so I will obj ect.”
The record reveals full and adequate discovery by the defendant and that witness lists were exchanged prior to the severance of defendant’s trial from the trial of his codefendants. Under these circumstances, the court’s ruling on defendant’s untimely motion was not sufficient to activate the rule stated in Richardson v. State, Fla.1971, 246 So.2d 771; Angell v. State, Fla. *439 App.1971, 254 So.2d 27; and Salamone v. State, Fla.App.1971, 247 So.2d 780.
Appellant’s third point is an appellate afterthought. The codefendant, John Gallagher, agreed to become a State’s witness on the day before trial. Therefore, his name was not on either the State’s original witness list or its amended list. At the trial, defense counsel posed no objection to the testimony of the witness. Therefore, the trial judge was never informed of the surprise the defendant now claims or of any prejudice to the defendant. The alleged error was not even presented in defendant’s motion for a new trial. There is no doubt that Rule 3.-220(a) (1) (i), CrPR, 33 F.S.A., requires that once the defendant chooses to use this exchange of witness provision it becomes mandatory that the prosecuting attorney comply with the rule. In Richardson v. State, supra, the Supreme Court of Florida held that it is incumbent upon the trial judge to determine whether the State’s failure to comply with the rule has resulted in harm or prejudice to the defendant. If no such harm or prejudice has resulted then there is no error. Carnivale v. State, Fla.App.1973, 271 So.2d 793, 795. In the present instance, inasmuch as surprise was not claimed and the trial judge had no opportunity to determine whether the violation resulted in harm or prejudice to the defendant, we cannot fault the trial judge for a failure to inquire. It is clear from the record that at least from the time that the trial began the defense counsel was aware that the codefendant would testify for the State. It is reasonable to presume that if this fact were a surprise to counsel, he would have noted it in some way, as by an objection, a motion for continuance, or a motion for recess at which he might interview the witness. It should be noted that both the appellant and the witness had been charged with participation in the transactions which were the subject matter of the trial. Extensive defense discovery had been had and many motions relative to the defense made and determined. Therefore, in the absence of an objection it must be presumed that the defense was in a position to know the nature of the testimony to be given by the witness.
Since we have examined each of appellant’s points and find that no reversible error has been presented, the judgment and sentence are affirmed.
Affirmed.

. Pursuant to the revision of the Florida Rules of Criminal Procedure, effective February 1, 1973, the substance of Rule 3.220(e) is now contained in Rule 3.220(a) (1) (i) and (b)(3).