417 So.2d 783 (1982)
Catherine JOHNSON, Petitioner,
v.
The Honorable Arthur I. SNYDER, Judge of the Circuit Court of the Eleventh Judicial Circuit, Respondent.
No. 82-1025.
District Court of Appeal of Florida, Third District.
August 3, 1982.
Pollack, Komorowski & Headley, John Lipinski, Miami, for petitioner.
Janet Reno, State Atty., and Arthur Joel Berger, Asst. State Atty., for respondent.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for Catherine Johnson as amicus curiae.
Before BARKDULL,[*] NESBITT and BASKIN, JJ.
BASKIN, Judge.
During the pendency of proceedings on charges of first-degree murder, the trial court declared defendant Catherine Johnson insolvent. The court ruled that, although she met the criteria for appointment of the public defender, defendant Johnson was not entitled to discovery costs because her family had obtained private counsel to represent her. Defendant Johnson filed a petition for writ of mandamus or common law certiorari asking this court to review the trial court's ruling.
Treating her petition as one seeking a writ of certiorari, Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981); Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980); see Florida Rule of Appellate Procedure 9.040(c), we hold that the trial court departed from essential requirements of law. We therefore grant the writ.
Florida Rule of Criminal Procedure 3.111(b)(4) states:
"Indigent" as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family; "partially indigent" as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himself or his family. (emphasis added).
Florida Rule of Criminal Procedure 3.220(k) provides:
Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
*784 Rules of procedure and related cases contradict respondent's contention that an insolvent defendant must accept the services of the public defender in order to obtain reasonable costs for discovery. Similar questions have been decided adversely to respondent's assertions. For example, appellate costs have been provided for insolvent defendants regardless of the fact that friends or relatives have paid related costs, United States ex rel. Reis v. Leppig, 256 F. Supp. 881 (1966), aff'd sub nom. Buchanan v. United States ex rel. Reis, 379 F.2d 612 (5th Cir.1967); Rastralli v. State, 76 So.2d 270 (Fla. 1954); Lawrence v. State, 76 So.2d 271 (Fla. 1954); or that a defendant has no remaining funds, Arline v. State, 277 So.2d 791 (Fla. 1st DCA 1973); see also Baker v. State, 42 So.2d 768 (Fla. 1949).
Respondent's contentions have been rejected in other jurisdictions as well: e.g., People v. Worthy, 109 Cal. App.3d 514, 167 Cal. Rptr. 402 (1980) (experts); Anderson v. Justice Court of San Benito County, 99 Cal. App.3d 398, 160 Cal. Rptr. 274 (1979) (investigators and experts); Puett v. Superior Court, 96 Cal. App.3d 936, 158 Cal. Rptr. 266 (1979) (necessary investigative services); English v. Missildine, 311 N.W.2d 292 (Iowa 1981) (investigative services); see also Note, Right to Aid in Addition to Counsel for Indigent Criminal Defendants, 47 Minn.L. Rev. 1054 (1963). Defendant Johnson's needs fall within the clear provisions of the rules and case law requiring the trial court to allow reasonable discovery costs. For these reasons, we quash the order and remand the cause for a determination as to the amount of reasonable discovery costs to be granted to defendant Johnson.
Writ granted; order quashed; remanded with directions.
NOTES
[*] Judge Barkdull participated in the decision in this case but did not hear oral argument.