421 So.2d 690 (1982)
Gregory Anthony PRICE, Petitioner,
v.
The Honorable Marvin U. MOUNTS, Jr., Respondent.
No. 82-1413.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
*691 Joseph L. Schneider of Leen & Schneider, Hollywood, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
This petition for writ of certiorari arises from a pretrial order declining to adjudicate defendant/petitioner indigent in order to have the county absorb the reasonable costs of discovery. Initially we note that the record reflects that there was no adjudication of indigency. Petitioner's friends are paying his attorney's fees. The trial court refused to award petitioner the costs of discovery because it found as a matter of law that a defendant must accept the services of a public defender as a condition precedent to being awarded discovery costs.
Defendant filed an alternative petition for writ of mandamus or common law certiorari asking this court to review the trial court ruling. We decline to consider the petition for a writ of mandamus; we treat the petition for a writ of certiorari as that is the appropriate method of review under the circumstances.
Our consideration of the merits of this petition is influenced by the recent ruling of the Third District holding that an insolvent defendant is not required to accept the services of a public defender as a prerequisite to obtaining reasonable discovery costs. Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982). The Florida Rules of Criminal Procedure, sections 3.111(b)(4) and 3.220(k) make the state's payment of the costs of discovery contingent only on defendant's indigency; that is, the inability to pay these costs without substantial hardship to himself.
We agree with the rationale of the Third District and hold in accord with Johnson that the trial judge departed from the essential requirements of law. For these reasons, we grant the writ of certiorari, quash the order and remand the cause for a hearing and determination as to petitioner's indigency.
GLICKSTEIN and WALDEN, JJ., concur.