442 So.2d 980 (1983)
Jack BEHR, Public Defender, First Judicial Circuit, Petitioner,
v.
Kenneth W. GARDNER and State of Florida, Respondents.
No. AR-367.
District Court of Appeal of Florida, First District.
October 11, 1983.
On Rehearing December 14, 1983.
Jack Behr, Public Defender, Escambia County Judicial Center, Pensacola, for petitioner.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent State of Florida.
Woodburn S. Wesley, Jr., of Cotton, Wesley & Poche, Shalimar, for respondent Kenneth W. Gardner.
*981 Judge C. Luckey, Jr., President, Fla. Public Defender Ass'n, Inc., Tampa, for amicus curiae.
SHIVERS, Judge.
Behr, Public Defender of the First Judicial Circuit, petitions for writ of certiorari to review an order of the trial court which appoints the public defender as co-counsel with privately retained counsel to represent Respondent Gardner. Because we find that the trial court has not violated essential requirements of law, we deny the petition.
Gardner was charged with solicitation to commit first degree murder. Attorney Woodburn S. Wesley, Jr. was eventually retained by Gardner's family to represent him. Wesley moved the trial court to appoint an investigator, alleging that neither the defendant nor members of his family had sufficient funds with which to pay the costs of investigation. The trial court heard argument on this motion, declared Gardner to be partially indigent, and appointed the Public Defender's Office to assist in Gardner's representation. The trial court's order stated that the public defender was appointed for the purpose of providing investigative assistance and that Attorney Wesley would remain as lead counsel.
Section 27.51(1), Florida Statutes (1981), states:
The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony;
... .
Section 27.52(2)(a), Florida Statutes (1981), states:
A person is indigent for purposes of this part if he is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family.
(Emphasis added).
Fla.R.Crim.P. 3.111(b)(4) states:
"Indigent" as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family; "partially indigent" as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himself or his family.
Petitioner does not contend that Respondent Gardner is not partially indigent as defined by Rule 3.111. Nor does petitioner argue that a finding of partial indigency does not satisfy the requirement of indigency contained in section 27.52. Rather, petitioner argues that the trial court has no authority to appoint the public defender for the purpose of providing investigative assistance to privately retained counsel.
Although the practice of appointing the public defender as co-counsel with privately retained counsel for the purpose of providing investigative assistance may not be sound policy, we find nothing in Chapter 27, Florida Statutes, or the Florida Rules of Criminal Procedure which would prevent such a practice. We note that a better solution to the problem presented by this fact situation might be for privately retained counsel to secure discovery costs from the county. See Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982); Saintil v. Snyder, 417 So.2d 784 (Fla. 3d DCA 1982); and Price v. Mounts, 421 So.2d 690 (Fla. 4th DCA 1982). Nonetheless, since the action of the trial court falls within the applicable statutes and rules, we cannot say that the court departed from essential requirements of law.
Petition for writ of certiorari DENIED.
MILLS and BOOTH, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
The purpose of Chapter 27, Part II, Florida Statutes (concerning public defenders), is to ensure that indigent defendants are afforded the opportunity for representation *982 by counsel as commanded by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Upon rehearing we conclude that this purpose is not furthered by appointing the public defender to represent a defendant who, although indigent, is already represented by a privately retained attorney. Chapter 27 does not impose upon the public defender a statutory duty to represent all insolvent defendants in all criminal proceedings. Escambia County v. Behr, 384 So.2d 147 (Fla. 1980). Therefore, we hold that section 27.51, Florida Statutes (1981), although it permits the appointment of the public defender to represent certain indigent defendants, does not permit the appointment of the public defender as co-counsel with privately retained counsel. The order sub judice departs from essential requirements of law in appointing the public defender as co-counsel.
Further, we think that the appropriate resolution of the problem presented by the facts of the instant case is to be found in the decisions rendered in Johnson v. Snyder, Saintil v. Snyder, and Price v. Mounts, cited in our original opinion. An indigent defendant who is receiving the services of a private attorney retained by a third party may obtain reasonable costs of discovery from the county pursuant to Fla. R.Crim.P. 3.220(k).
Accordingly, the motion for rehearing is granted, the writ is granted, and the order of the trial court appointing petitioner as co-counsel to privately retained counsel is quashed.
MILLS and BOOTH, JJ., concur.