473 So.2d 234 (1985)
Barry Allen GUY, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 85-1120, 85-1121.
District Court of Appeal of Florida, Second District.
June 28, 1985.
Ben Kay of Ben Kay, P.A., Sarasota, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
OTT, Acting Chief Judge.
The court below refused to adjudge petitioner partially indigent for the purpose of obtaining discovery costs because petitioner's mother has retained private counsel to represent petitioner. Petitioner has filed separate petitions for writ of prohibition and certiorari challenging the trial court's order, and they were consolidated for consideration. We grant the petition for writ of certiorari and quash the order of the trial court, because the order constitutes a departure from the essential requirements of law. The petition for writ of prohibition is denied because it seeks an improper remedy.
Florida Rule of Criminal Procedure 3.111(b)(4) states:
(4) "Indigent" as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial *235 hardship to himself or his family; "partially indigent" as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himself or his family.
A finding of indigency is based upon only the defendant's financial status. The fact that friends or family members retain private counsel to represent a defendant does not deprive him of his right to be declared indigent in order that costs may be taxed against the county under Florida Rule of Criminal Procedure 3.220(k). See Price v. Mounts, 421 So.2d 690 (Fla. 4th DCA 1982), and Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982).
The trial court should rule on petitioner's motion to be declared partially indigent based upon his own financial ability to pay.
Petition for writ of certiorari GRANTED.
DANAHY and LEHAN, JJ., concur.