525 So.2d 1011 (1988)
Kevin THOMPSON, Petitioner,
v.
The STATE of Florida, Respondent.
No. 87-2197.
District Court of Appeal of Florida, Third District.
May 31, 1988.
Essen & Essen and Ronald A. Dion, North Miami Beach, and Alan T. Lipson, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Fariba N. Komeily, Asst. Atty. Gen., Robert A. Ginsburg, Co. Atty. and Hugo Benitez, Asst. Co. Atty., for appellee.
Before HUBBART and BASKIN and PEARSON, DANIEL S., JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by a criminal defendant seeking review of trial court orders denying the defendant's motion to declare him insolvent for costs and appointing the public defender to represent him below as co-counsel with private counsel retained by his family. We grant the petition and quash the orders under review based on the following briefly stated legal analysis.
First, the defendant, who was adjudged insolvent by the trial court below, was entitled to reasonable discovery costs to be paid by Dade County under Sections 914.11, 939.07, Florida Statutes (1985), and Fla.R.Crim.P. 3.220(k); he was not, as urged, required to accept the services of the public defender in order to obtain such reasonable costs of discovery. Moreover, the fact that his family had retained private counsel to represent him cannot change this result. Guy v. State, 473 So.2d 234 (Fla. 2d DCA 1985); Price v. Mounts, 421 So.2d 690 (Fla. 4th DCA 1982); Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982); Saintil v. Snyder, 417 So.2d 784 (Fla.3d DCA 1982).
Second, "section 27.51, Florida Statutes [1985], although it permits the appointment of the public defender to represent certain indigent defendants, does not permit the appointment of the public defender *1012 as co-counsel with privately retained counsel." Behr v. Gardner, 442 So.2d 980, 982 (Fla. 1st DCA 1983) (emphasis added). Stated differently, the trial court has no statutory authority to appoint the public defender to represent an indigent defendant, as here, as co-counsel with privately retained counsel; such an appointment is subject to quashal on a petition for certiorari, whether the subject petition is filed by the public defender, as in Behr, or by the defendant, as here.
The petition for a writ of certiorari is granted, the orders under review are quashed, and the cause is remanded to the trial court with directions to grant the defendant's motion to declare him insolvent for costs.
Petition granted; orders quashed; cause remanded.