# STATE OF FLORIDA v TIMMONS

## Case No. 89-21019

Thirteenth Judicial Circuit, Hillsborough County

November 19, 1990

### APPEARANCES OF COUNSEL

**Clay Yates, Esquire,** Assistant State Attorney, for plaintiff.
**Paul Duval Johnson, Esquire,** for defendant.
**Ann Baldy, Esquire,** for Hillsborough County.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

*ORDER DECLARING DEFENDANT INDIGENT FOR COSTS*

THIS CAUSE came on before the Court on November 16, 1990 on the Defendant's Motion to be declared partially indigent for purposes of costs. Present before the Court was the Defendant, his attorney, PAUL DUVAL JOHNSON, Assistant State Attorney CLAY YATES representing the interests of the State of Florida and Assistant County Attorney ANN BALDY representing the interest of Hillsborough County. During the course of the hearing the Court, counsel for the State and counsel for the County inquired while the Defendant was

under oath as to his financial status.[1] The Court then heard argument of counsel but reserved ruling due to the importance of the issue presented by the Defendant's motion.

The Court has now had occasion to review the Defendant's motion, the Defendant's sworn testimony, the argument of counsel and the applicable statutory and case authority and for the following reasons grants the motion subject to certain terms and conditions.

The Defendant was previously found guilty of two counts of vehicular homicide after an extended trial involving multiple lay and expert witnesses.[2] On October 29, 1990 this Court entered an order granting the Defendant a new trial. After the State announced it would not appeal this Order, the Court set the case for trial for the week of January 28, 1991.

The Defendant now claims that in excess of $42,000.00 in costs had been incurred to date in the preparation and presentation of his defense. Neither the State nor the County disputed this claim.[3] The Defendant further asserts that he is now financially unable to pay any further costs which are essential to the preparation and presentation of his defense for the new trial. In that regard the Defendant testified under oath that he is still obligated to his privately retained attorney for expenses attributable to the first trial,[4] he is currently serving in the United States Navy earning approximately $860.00 per month,[5] he lives on base and thus pays no rent, he has no dependents, he has approximately $100.00 in a checking account just to keep it open, and he owns

---

[1] Although the Defendant did not provide the Court with an affidavit of indigency as required by Florida Statute 27.52, the Court does not view this as a bar to the relief he is requesting given his sworn testimony to the Court, subject to cross examination by the State of Florida and Hillsborough County, directed to his alleged indigency.

[2] Indeed, the pre-trial preparation and motion hearings in this cause were also extensive in nature.

[3] Moreover, the Court is aware from documents on file in the Court file that the State of Florida incurred approximately $7,600 in expert witness fees for just two of its experts.

[4] Although the Defendant is obligated for attorneys' fees and costs, it is clear that the overall financial burden of fees and costs incurred and to be incurred by the Defendant is the responsibility of his family, another fact which was not disputed by either the State or the County.

[5] Counsel for the Defendant represented without objection that there is a pending proceeding directed to whether the Defendant should be medically discharged from the United States Navy due to injuries suffered in the accident which forms the basis of the criminal charges pending against him in this case.

no meaningful assets of any kind. Further, although the Defendant is free on a $10,000.00 cash bond, this money belongs to his mother.[6]

After careful consideration of this evidence the Court finds pursuant to Florida Statute 27.52 that the Defendant is indigent. Although he technically does not satisfy the criteria of Florida Statute 27.52(2)(b)(1) and (2), he otherwise meets the criteria of Florida Statute 27.52(2)(b)(3) and (c). *Enrique v State,* 408 So.2d 635 (Fla. 3d DCA 1981). See also *Siplen v State,* 473 So.2d 793, 794 (Fla. 5th DCA 1985) (Trial court failed to make complete inquiry of indigency, particularly in regard to "the probable expense and hardship of defending the case.")[7] Moreover, the fact that the Defendant's family has retained private counsel to represent him in this case does not prohibit a finding of indigency. *Guy v State,* 473 So.2d 234 (Fla. 2d DCA 1985). Nor is his entitlement to be declared indigent for purposes of costs contingent on the office of the public defender being appointed to represent him. *Thompson v State,* 525 So.2d 1011 (Fla. 3d DCA 1988) and *Behr v Gardner,* 442 So.2d 980 (Fla. 1st DCA 1983). Accordingly, the Court finds and concludes that the Defendant satisfies the legal criteria of indigency as provided for in Florida Statute 27.52. See also Florida Rule of Criminal Procedure 3.111(b)(4).

Therefore, for the reasons expressed, the Defendant's motion be and the same is hereby granted and Hillsborough County shall be responsible for paying the reasonable costs and expenses allowed by law incurred by the Defendant in the preparation and presentation of his defense at his new trial but subject to the following terms and conditions:

1. The Defendant may incur reasonable costs, including reasonable investigative costs, in accordance with Florida Rule of Criminal Procedure 3.220(k) but only after securing prior authorization from this Court at a hearing with notice to the State of Florida and Hillsborough County. *Carrasquillo v State,* 502 So.2d 505 (Fla. 1st DCA 1987).

---

[6] The State and the County argued that this money should be used to pay future costs incurred by the Defendant. In the face of this argument the Defendant's attorney responded by representing that the cash bond had been assigned to him for his fee. The Court is compelled to reject the solution proposed by the State and County. First, as noted in the body of this Order, the fact that a family member has retained private counsel to represent a defendant does not preclude the defendant from being declared indigent for the purposes of taxing costs against a county. Second, any finding of indigency must be based only on the Defendant's financial status. *Guy v State, infra.*

[7] Based on the Court's knowledge of this case, it cannot be argued by any party to this proceeding that "The probable expense and burden of defending the case" on retrial will not be substantial.

2. The Defendant may incur reasonable expenses of expert witnesses in accordance with Florida Statute 914.06 but only after securing prior authorization from this Court at a hearing with notice of the State of Florida and Hillsborough County. *Burch v State,* 522 So.2d 810 (Fla. 1988).

3. The Defendant may incur the reasonable expense of taking pre-trial depositions, including the issuance and service of subpoenas therefore, and the transcripts of same, in accordance with Florida Statute 914.11 and Florida Statute 939.07 but only after strictly comply with said statutes and securing prior authorization from this Court at a hearing with notice to the State of Florida and Hillsborough County.

4. The Defendant may incur the reasonable expense for the issuance and service of trial subpoenas in accordance with Florida Statute 914.11 and Florida Statute 939.07 but only after strictly complying with said statutes and securing prior authorization from this Court at a hearing with notice to the State of Florida and Hillsborough County.

5. The Court defers any ruling as to the Defendant's request to secure a transcript of the prior trial pending a further hearing with notice to the State of Florida and Hillsborough County. At this hearing the Court will reconsider the Defendant's request in accordance with *Britt v North Carolina, 92 S.Ct. 431 (1971). See also United States v Pulido,* 879 Fed.2d 1255 (5th Cir. 1989) and *Jeffries v State,* 284 So.2d 436 (Fla. 3d DCA 1973), connected case, *Jeffries v Wainwright,* 794 Fed.2d 1516 (11th Cir. 1986). Provided, however, that in the event the State of Florida secures any transcript of the previous trial it shall immediately made available a copy at no cost to the Defendant in accordance with Florida Rule of Criminal Procedure 3.220(b)(1)(ii).

In the interest of judicial economy and so as not to cause a delay of the scheduled trial, the Court would urge counsel for the Defendant to attempt to determine as quickly as possible what specific costs he will need to incur and to schedule that matter on the Court's docket for resolution at one time. The Court will expedite the setting of such a comprehensive hearing on a specific day at a specific time convenient to all parties.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 19th day of November, 1990.