PER CURIAM.
Respondent John Robert Harmon has been charged with first degree murder and aggravated child abuse. Although represented by private counsel, he filed a motion in circuit court to be declared partially indigent for purposes of costs, including depositions. The motion was opposed by Leon County, which would be responsible for the costs if the motion were granted. At an evidentiary hearing, Harmon testified that he was essentially without funds or income and that the private counsel representing him was retained and being paid by relatives. This testimony was unrefuted, although the county did make legal argument in opposition to the motion. The motion was granted and the county now seeks review by petition for writ of certiorari in this court.
Petitioner first makes several arguments pertaining to the trial court’s construction of the applicable statutes, sections 27.52 and 939.07, Florida Statutes (1989). We find that these questions have been addressed and answered by our sister courts in Thompson v. State, 525 So.2d 1011 (Fla. 3d DCA 1988), Guy v. State, 473 So.2d 234 (Fla. 2d DCA 1985), Price v. Mounts, 421 So.2d 690 (Fla, 4th DCA 1982), Saintil v. Snyder, 417 So.2d 784 (Fla. 3d DCA 1982), and Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982). The Price and Snyder decisions were impliedly approved by this court in Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983). To the extent any doubt may remain after Behr, we here expressly hold that we are in accord with the other districts on this issue.
Petitioner also makes an argument, apparently presented here for the first time to a Florida appellate court, that Florida Rule of Criminal Procedure 3.220(o) is unconstitutional in allowing the courts to expend public funds, a function reserved to the legislature. We disagree, finding that the rule permissibly implements a procedure for the expenditure of funds authorized by statute.
We conclude by commenting that contrary to the position of petitioner, strong policy reasons support the result reached by the trial court. A contrary conclusion would likely result in a lessened willingness and ability of relatives and friends, who might otherwise voluntarily do so, to retain private counsel for indigent adult defendants, ultimately increasing the workload of the already overburdened public defenders of this state. We also note that section 939.07 provides adequate safeguards to prevent unwarranted expenditures.
PETITION DENIED.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.