DAUKSCH, Judge.
Petitioner, Seminole County, seeks certio-rari review of an order which appointed co-counsel in a capital ease at the county’s expense. In 1976, Joseph Spaziano was convicted of first-degree murder and received a death sentence. As the result of a post conviction proceeding in 1996, Spaziano was *932 granted a new trial. Although Spaziano is indigent, a private attorney, James M. Russ, represents him. While preparing for trial, Russ filed a motion for appointment of Robert N. Wesley as co-counsel. The trial court denied the motion for appointment. Russ then filed a motion for reconsideration and a second motion for the appointment of either Robert N. Wesley or Donald West as co-counsel. The trial court this time entered an order appointing Donald West as additional counsel for Spaziano and ordered that compensation to West shall be paid by the Board of County Commissioners of Seminole County.
The trial court found that it had inherent authority to make the appointment. Although the trial court recognized that it could not appoint the public defender as co-counsel,[1] the trial court found that co-counsel was needed due to the complexity of the case. The trial court cited cases holding that the trial judge has discretion to appoint additional counsel in complex or unusual capital cases. See, e.g., Ferrell v. State, 653 So.2d 367 (Fla.1995); Orange County v. Corchado, 679 So.2d 297 (Fla. 5th DCA 1996).
Russ began representing Spaziano in the prior post conviction proceeding. Russ was not initially selected pursuant to'the statute governing appointment of counsel in capital cases. See § 925.035(1), Fla. Stat. (1997). Under that statute, if an indigent defendant has not retained private counsel and desires counsel, the public defender is appointed by the court, but private counsel may be appointed at public expense if the public defender is permitted to withdraw after showing a conflict of interest. See also § 925.035(6) and 925.036, Fla. Stat. (1997). As Spaziano is represented by private counsel, who was not appointed due to a conflict of interest, there is no statutory authority for the appointment of co-counsel at public expense. As section 925.035(1), Florida Statutes (1997) provides an adequate procedure to protect the constitutional right to counsel guaranteed to indigent defendants in capital cases, the trial court’s ruling constitutes a departure from the essential requirements of law. There was no need for the trial court to exercise its “inherent” authority to ensure effective representation when under the statute the public defender can represent the indigent defendant if private counsel is permitted to withdraw as counsel of record. The petition for writ of certiorari is therefore granted and the order appointing co-counsel is quashed.
PETITION GRANTED; ORDER QUASHED.
GOSHORN, J., concurs.
COBB, J., concurs and concurs specially, with opinion.

. See Thompson v. State, 525 So.2d 1011 (Fla. 3d DCA 1988); Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983).