KOGAN, Chief Justice,
dissenting.
The recommendation before this Court was produced by a panel consisting of the brightest and the best experts in Florida death penalty law. We appointed them to study a problem of the most pressing nature, which greatly impacts the administration of justice in Florida. See In re Proposed Amendment to Florida Rules of Judicial Administration, 22 Fla. L. Weekly S407 (Fla. July 3, 1997). They produced a product that reflects a growing consensus among similar experts throughout the United States— one designed to address growing public frustration with the way death-penalty law is administered.[1]
In my eleven, years on this bench, I have reviewed hundreds of death penalty cases. From this experience I can voice my own frustration with the disproportionately large number of errors caused by inexperienced attorneys appointed when public defenders are unable to take the case. These avoidable errors impede justice and cost taxpayers substantial amounts of money. At the recent National Capital Case Conference sponsored by the State Justice Institute and the Administrative Office of the U.S. Courts, many examples were aired of the additional costs that must be paid — not to mention delays— when these errors require a retrial or other proceeding. Although there certainly are other causes of reversible error, those created by inexperienced conflict counsel are not negligible.
Because this Court has exclusive jurisdiction to regulate the practice of law in Florida, art. V, §§ 2(a), 15, Fla. Const., ours also is the exclusive responsibility to remedy the problem now before us, as best we are able. To my mind, the time for delay is past. I would adopt the proposal with minor revisions to accommodate the legitimate concerns addressed by some of the public comments solicited in this case.
SHAW and ANSTEAD, JJ., concur.
APPENDIX
MINIMUM STANDARDS FOR CONFLICT ATTORNEYS IN CAPITAL CASES
A. Minimum standards that have been promulgated concerning representation for defendants in criminal cases generally and the level of adherence to such standards required for non-capital cases should not be adopted as sufficient for death penalty cases.
B. These minimum standards for capital cases are not intended to preclude any circuit from adopting or maintaining standards having greater requirements.
C. Counsel in death penalty cases should be required to perform at the level of an attorney reasonably skilled in the specialized practice of capital representation, zealously committed to the capital case, who has had adequate time and resources for preparation.
D. Every circuit shall maintain a list of counsel qualified for appointment in capital cases in each of three categories (1) lead trial counsel; (2) trial co-counsel; and (3) appellate counsel. No attorney may be appointed to handle a capital trial or appeal unless duly qualified on the appropriate list.
E. The conflict committee for each circuit is responsible for approving and removing attorneys from the list. See § 925.037, Florida Statutes (Supp.1996). Each circuit corn- *1151 mittee is encouraged to obtain additional input from experienced capital defense counsel.
F. A capital trial case is defined as any first degree murder ease in which the State has not formally waived the death penalty on the record. A capital appeal case is any appeal in which the death penalty has been imposed. A capital post-conviction case is any case where the defendant is still under a sentence of death.
G. A court must appoint lead counsel, and upon written application of lead counsel, co-counsel, to handle every capital trial in which the defendant is not represente,d by retained counsel or the Public Defender. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. Both attorneys shall be reasonably compensated for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings.
H. No attorney may be qualified on any of the capital lists unless he or she has attended within the last year a continuing legal education program of at least ten hours duration devoted specifically to the defense of capital cases. The failure to comply with this requirement shall be cause for removal from the list until the requirement is fulfilled.
I. Lead trial counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice; and
ii. are experienced and active trial practitioners with at least five years’ litigation experience in the field of criminal law; and
iii. have prior experience as lead counsel in no fewer than nine jury trials. of serious and complex cases which were tried to completion, as well as prior experience as lead defense counsel or co-counsel in at least two cases tried to completion in which the death pen- ■ alty was sought. In addition, of the nine jury trials which were tried to completion, the attorney should have been lead counsel in at least three eases in which the charge was murder; or alternatively, of the nine jury trials, at least one was a murder trial and an additional five were felony jury trials; and
iv. are familiar with the practice and procedure of the criminal courts of the jurisdiction; and
v. are familiar with and experienced in the utilization of expert witnesses and evidence, including but not limited to psychiatric and forensic evidence; and
vi. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital eases.
J. Trial co-counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice;- and
ii. who qualify as lead counsel under paragraph (I) of these standards or meet the following requirements:
a. are experienced and active trial practitioners with at least three years’ litigation experience in the field of criminal law; and
b. have prior experience as lead counsel or co-counsel in no fewer than three jury trials of serious and complex cases which were tried to completion, at least two of which were trials in which the charge was murder; or alternatively, of the three jury trials, at least one was a murder trial and one was a felony jury trial; and
e. are familiar with the practice and procedure of the criminal courts of the jurisdiction; and
d. have demonstrated the necessary proficiency and commitment which exemplify the quality of.representation appropriate to capital cases.
K. Appellate counsel assignments should be given to attorneys who:
i. • are members of the bar admitted to ' practice in the jurisdiction or admitted to practice pro hac vice; and
ii. are experienced and active trial or appellate practitioners with at least five *1152 years’ experience in the field of criminal law; and
iiL have prior experience in the appeal of at least one case where a sentence of death was imposed, as well as prior experience as-lead counsel in the appeal of no fewer than three felony convictions in federal or state court, at least one of which was an appeal of a murder conviction; or alternatively, have prior experience as lead counsel in the appeal of no fewer than six r felony convictions in federal or state court, at least two of which were appeals of a murder conviction; and
iv. are familiar with the practice and procedure of the appellate courts of the jurisdiction; and
v. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases.
Committee Notes
Authority to Adopt Standards. These standards are based on the general premise that the defense of a capital case requires specialized skill and expertise. The Supreme Court has exclusive jurisdiction under Article V section 15 of the Florida Constitution to “[rjegulate the admission of persons to the practice of law and the discipline of persons admitted.” Implied in this grant of authority is the power to set the minimum requirements for the admission to practice law, see In re Florida Board of Bar Examiners, 353 So.2d 98 (Fla.1977), as well as the minimum requirements for certain kinds of specialized legal work. The Supreme Court has adopted minimum educational and experience requirements for board certification in other specialized fields of the law.
Application of Standards. These standards are intended to apply only in those eases in which the court is appointing a lawyer in place of the public defender. Nothing expressed here should be interpreted as an infringement of the defendant’s right to select retained counsel. Likewise, these standards do not impair the right of an elected public defender or a duly appointed capital collateral representative to select assistants who are capable of properly handling a capital ease. The public defenders and capital collateral representatives have other means of assuring the quality of appointed counsel in capital cases.
Appointment of Counsel. The right to appointed counsel is not enlarged by the application of these standards. The court should appoint conflict counsel only if the defendant otherwise qualifies for representation by the Public Defender. A defendant who is represented by retained counsel is not entitled to the appointment of a second lawyer at public expense merely because that defendant is unable to bear the cost of retaining two lawyers. As previously noted, these standards apply only to those cases in which the defendant is indigent and unrepresented and not to a ease in which the defendant has retained private counsel. The court should continue to follow the rule prohibiting the appointment of co-counsel for a defendant who has retained counsel. See, Thompson v. State, 525 So.2d 1011 (Fla. 3d DCA 1988); Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983).
Experience and Educational Requirements. The experience and continuing educational requirements in these standards are based on existing local standards in effect throughout the state as well as comparable standards in effect in other states. Specifically, the committee considered the standards for the appointment of counsel in capital cases in the Second, Sixth, Eleventh, Fifteenth, and Seventeenth Circuits, the statewide standards for appointment of counsel in capital cases in California, Indiana, Louisiana, Ohio, and New York, and the American Bar Association standards for appointment of counsel in capital cases.
Co-counsel Requirement. The American Bar Association Standards and other state standards require the immediate appointment of two lawyers at the trial level in every prosecution that could result in the imposition of the' death penalty. The committee has modified this requirement by eliminating certain provisions that are unnecessary or economically unfeasable. Section G minimizes the potential duplication of expenses *1153 by limiting the compensable participation of co-counsel.
Effect of Standards. These standards do not establish any independent legal rights. The failure to appoint co-counsel has not been a ground for relief from a conviction or sentence, Lowe v. State, 650 So.2d 969 (Fla.1994); Armstrong v. State, 642 So.2d 730 (Fla.1994); Ferrell v. State, 653 So.2d 367 (Fla.1995), and the same should be true after the adoption of these standards.
Workload. At the time of appointment of qualified counsel, the trial court may conduct an inquiry relating to counsel’s availability to provide effective assistance of counsel to the defendant. In assessing the availability of prospective counsel, the court should consider the number of capital cases then being handled by the attorney, whether death remains a possible penalty in those cases, the experience level of the attorney, and any other circumstances bearing on the attorney’s readiness to provide effective assistance of counsel to the defendant in . a timely fashion.
Post-conviction 'Collateral Counsel. With the advent of the Capital Collateral Regional Counsel offices, the' committee concluded that there would be few remaining postcon-viction cases requiring the appointment of conflict counsel. Therefore, the committee did not establish separate standards for counsel in these cases. If necessary, the trial judge should consider the standards for trial and appellate counsel.

. The committee’s report, consisting of the proposed rule and the committee’s explanatory notes, is set forth in an appendix to this opinion.