785 So.2d 603 (2001)
William Jordan LEE, Appellant,
v.
STATE of Florida and Palm Beach County, Appellees.
No. 4D99-3527.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
Arthur B. D'Almeida of Arthur B. D'Almeida, P.A., Boca Raton, for appellant.
Kathleen M. Scarlett, Assistant County Attorney, Palm Beach County Attorney's Office, West Palm Beach, for appellee Palm Beach County.
PER CURIAM.
William Lee appeals from a final judgment assessing costs and imposing a lien entered following his conviction for first degree murder with a firearm. Appellant argues that the trial court did not have jurisdiction or authority to assess costs against him and impose a lien against his property.
On December 2, 1997, William Lee, appellant, was indicted for first degree murder with a firearm. Appellant was represented by private counsel throughout the proceedings below. On June 25, 1998, appellant filed an unopposed motion to be declared indigent for costs, pursuant to section 914.11, Florida Statutes (1997), and Florida Rule of Criminal Procedure 3.220(o). On June 26, 1998, the trial court granted appellant's motion to be declared *604 indigent for costs and authorized appellant's counsel to expend county funds for the purpose of taking depositions.
The county is required to pay certain costs associated with a legal defense, including the costs of discovery, when a defendant is unable to pay those costs. See §§ 914.11, 939.15 Fla.Stat. (1997); Fla. R.Crim.Pro. 3.220(o). See also Price v. Mounts, 421 So.2d 690 (Fla. 4th DCA 1982); Saintil v. Snyder, 417 So.2d 784 (Fla. 3d DCA 1982); Johnson v. Snyder, 417 So.2d 783 (Fla. 3d DCA 1982); Guy v. State, 473 So.2d 234 (Fla. 2d DCA 1985)(holding that the county is required to pay the reasonable costs of defending an indigent defendant represented by a private attorney).
Appellant was convicted of first degree murder with a firearm. On March 16, 1999, appellant filed an appeal from his judgment of conviction with this court. On May 3, 2000, this court filed its decision per curiam affirming his conviction.
On April 27, 1999, Appellant's counsel filed a motion for assessment of costs against appellant pursuant to section 27.56, Florida Statutes. The motion asserted that costs had been expended on behalf of appellant in the amount of $6,753.43.
On April 27, 1999, the trial court entered an order pursuant to section 27.56, assessing costs in the amount of $6,753.43 for services provided by appellant's counsel and imposing a lien in the same amount in the name of Palm Beach County against any and all real property owned or subsequently acquired by appellant. The trial court noted in the order that, pursuant to Florida Rule of Criminal Procedure 3.720, appellant was given notice of his right to a hearing to contest the amount of the lien. The trial court denied appellant's motion for relief from judgment assessing costs and imposing a lien.
Following his conviction, the trial court assessed costs against appellant pursuant to section 27.56. However, at the time, section 27.56 was amended and renumbered as section 938.29, Florida Statutes (1997). Section 938.29, Florida Statutes (1997), provides in part:
(1)(a) The court having jurisdiction over any defendant who has been determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender's office, a special assistant public defender, or a conflict attorney shall assess attorney's fees and costs against the defendant at the sentencing hearing and shall determine the appropriate amount and method of payment. Such costs may include the cost of depositions ... or other reasonable costs specially incurred by the county for the defense of the defendant in criminal prosecutions within the county. ...
(b) Upon entering a judgment of conviction, the trial court shall order the defendant to pay the costs assessed by the court in full, or within a time certain as set by the court, after the judgment of conviction becomes final.
. . .
(2)(a) When payment of the application fee and attorney's fees and costs has been ordered by the court, there is created in the name of the county in which such assistance was rendered a lien, enforceable as hereinafter provided, upon all the property, both real and personal, of any person who:
1. Has received any assistance from any public defender of the state, from any special assistant public defender, or from any conflict attorney; or ...
(Emphasis added).
Appellant argues that a plain reading of section 938.29, Florida Statutes (1997), *605 does not give the trial court authority to assess costs against a defendant who was represented by a privately retained attorney and impose a lien against his property. We agree.
When the language of a statute is clear, unambiguous and conveys a clear and definite meaning, there is no need to resort to the rules of statutory interpretation and construction; the statute is given its plain and obvious meaning. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla. 1998); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
Section 938.29 is clear and unambiguous. It authorizes courts to assess attorney's fees and costs only against those defendants who have received the assistance of the public defender's office, a special assistant public defender, or a conflict attorney. The legislature could have authorized the court to assess costs against indigent defendants represented by private counsel, but it did not.
Absent statutory authority, courts do not have the power to assess costs against a defendant upon conviction. See Lindsey v. Dykes, 129 Fla. 65, 67, 175 So. 792, 793 (1937); Reyes v. State, 655 So.2d 111, 114-115 (Fla. 2d DCA 1995). Therefore, the trial court did not have authority to assess costs against appellant, who was represented by a private attorney, and impose a lien against his property.
Appellant also contends that the trial court did not have jurisdiction to assess costs and impose a lien because at that time appellant had already filed a notice of appeal of his conviction. We disagree. A trial court retains jurisdiction to assess fees and costs after a notice of appeal has been filed, even where the trial court did not expressly reserve jurisdiction to do so. Wyatt v. State, 652 So.2d 453 (Fla. 4th DCA 1995).
Although the trial court had jurisdiction to consider a motion to assess costs and impose a lien, section 938.29, Florida Statutes (1997), does not authorize the assessment of costs under the facts of this case. Accordingly, the trial court's order is reversed.
REVERSED.
STONE, KLEIN and HAZOURI, JJ., concur.