IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES DEONTE PATTEN,

     Petitioner,

 v.                                           Case No.  5D16-2102

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed December 2, 2016

Petition for Certiorari Review of Order from
the Circuit Court for St. Johns County,
J. Michael Traynor, Judge.

Charles Deonte Patten, St. Augustine, pro
se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Respondent.

EVANDER, J.

     Petitioner, Charles Deonte Patten, seeks certiorari review of a trial court order

denying his request for investigative costs.  Petitioner was charged with attempted

second-degree murder of a law enforcement officer with a firearm (Count I); carrying a

concealed firearm (Count II); and possession of a firearm by a convicted felon (Counts III

and IV).  He was initially assigned court-appointed counsel.  However, Petitioner

subsequently executed a waiver of counsel following a *Faretta*[1] inquiry. Thereafter, Petitioner filed a pro se motion to incur costs for private investigative funds, alleging he was indigent and needed the assistance of a private investigator to prepare his defense. The trial court entered an order denying Petitioner's motion, concluding that the waiver of Petitioner's constitutional right to court-appointed counsel "necessarily include[d] a waiver of the expenses court-appointed counsel would have been entitled, such as investigative services and other personnel." The State properly concedes that the trial court's order constituted a departure from the essential requirements of law and that the petition should be granted.

The Florida Legislature has expressly authorized a pro se litigant, who is eligible to be represented by a public defender, to seek payment for the provision of due process services:

> A person who is eligible to be represented by a public defender under s. 27.51 but . . . who is proceeding pro se, may move the court for a determination that he or she is indigent for costs and eligible for the provision of due process services, as prescribed by ss. 29.006 and 29.007, funded by the state.

§ 27.52(5), Fla. Stat. (2016). Accordingly, a criminal defendant is not required to accept the services of a public defender in order to obtain reasonable costs. *See, e.g.*, *Thompson v. State*, 525 So. 2d 1011 (Fla. 3d DCA 1988); *Price v. Mounts*, 421 So. 2d 690, 691 (Fla. 4th DCA 1982).

Section 27.52(5) sets forth those factors that are to be considered by a trial court in determining whether a defendant is indigent for costs and eligible for the provision of

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

due process services. On remand, the trial court is to apply those factors when reconsidering Petitioner's motion.

PETITION GRANTED; ORDER QUASHED; CAUSE REMANDED.

LAWSON, C.J. and SAWAYA, J., concur.