DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JESSIE LEBRUN,**
Appellee.

No. 4D21-330

[September 15, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert F. Diaz, Judge; L.T. Case Nos. 20-7295TC10A and 20-21AC10A.

Michael J. Satz, State Attorney, and Nicole Bloom, Assistant State Attorney, Fort Lauderdale, and Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellant.

No appearance for appellee.

WARNER, J.

The State appeals the trial court's sentence imposed upon appellee for his conviction for driving while license suspended ("DWLS") pursuant to section 322.34(2)(b)2., Florida Statutes (2020). The trial court failed to impose the mandatory ten-day jail sentence for a third or subsequent conviction for DWLS. We reverse, as the jail sentence required by statute is mandatory.

The State charged appellee by citation with one count of DWLS, a first-degree misdemeanor, pursuant to section 322.34(2)(b). At his arraignment, the court asked the State if it had a plea offer for appellee. The State offered an adjudication, court costs, and ten days in jail, advising the court that appellee had two prior convictions for DWLS: one from 2012, and the other from 2014, as shown on appellee's driver's license record. The court gave appellee a choice: he could enter an open plea and receive a withheld adjudication and $293 in court costs with 180 days to pay; or, he could proceed with the case and hire an attorney or

obtain the services of a public defender. The State objected to the court's offer because section 322.34(2)(b)2. required a minimum of ten days in jail on a third DWLS conviction. The court noted the State's objection. Appellee agreed to the court's offer to dispose of the case and pled no contest. The court accepted the plea, withheld adjudication, and sentenced appellee to $293 in court costs to be paid in 180 days. The court did not impose the mandatory jail time. This appeal follows.

The State contends that the trial court imposed an illegal sentence when it failed to impose a minimum ten-day jail sentence on appellee, based upon his driving record of two prior DWLS convictions. Section 322.34(2)(b)2. provides as follows:

> (2) Any person whose driver license or driving privilege has been canceled, suspended, or revoked as provided by law, . . . who, knowing of such cancellation, suspension, revocation, or suspension or revocation equivalent status, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, or while under suspension or revocation equivalent status, commits:
>
> (a) A misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
>
> (b) 1. A misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, upon a second or subsequent conviction, except as provided in paragraph (c).
>
> 2. A person convicted of a third or subsequent conviction, except as provided in paragraph (c), *must* serve a minimum of 10 days in jail.

(Emphasis added).

We agree with the State that section 322.34(2)(b)2. is clear and unambiguous and therefore requires no statutory interpretation to conclude that the statute mandates a sentence of ten days' jail time based on appellee's prior convictions. "When the language of a statute is clear, unambiguous and conveys a clear and definite meaning, there is no need to resort to the rules of statutory interpretation and construction; the statute is given its plain and obvious meaning." *Lee v. State*, 785 So. 2d 603, 605 (Fla. 4th DCA 2001) (citing *McLaughlin v. State*, 721 So. 2d 1170, 1172 (Fla. 1998); *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

The trial court erred in failing to impose the mandatory sentence. We thus reverse and remand for resentencing. Because appellee's plea was based upon the trial court's promised sentence which the trial court cannot now honor, appellee must be given the opportunity to withdraw his plea. *See Goins v. State*, 672 So. 2d 30, 32 (Fla. 1996).

*Reversed and remanded for further proceedings in accordance with this opinion.*

CONNER, C.J., and GROSS, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3