DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT EVERETT ALLEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1236

[August 27, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562020CF001516A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Robert Everett Allen appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors following his convictions for vehicular homicide (count 1) and driving under the influence ("DUI") manslaughter (count 2). The State correctly concedes error on three of the four issues raised. Accordingly, we affirm in part, reverse in part, and remand.

Appellant's rule 3.800(b)(2) motion raised four distinct issues. First, resentencing with a corrected scoresheet was required because the original scoresheet counted death points twice, despite only one death being at issue. Second, the trial court must correct a scrivener's error in Appellant's scoresheet, which listed the incorrect sentencing judge. Third, resentencing was also necessary because the trial court failed to include a mandatory probation component in Appellant's sentence as required by the DUI statute. Fourth, the costs imposed by the trial court, specifically the $50 investigative costs and $150 DUI costs, must be removed from the final cost order. The trial court did not rule on Appellant's motion within

sixty days, so it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). This appeal followed.

"The standard of review applicable to a trial court's order on a motion to correct sentencing error is de novo." *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016) (citing *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009)).

On the first issue—whether the trial court erred by attributing death points twice when only one death resulted from the incident—we affirm without further comment. *See Bailes v. State*, 382 So. 3d 1, 5 (Fla. 4th DCA 2024) ("[A]ppellant waived any challenge to the victim injury points during the sentencing hearing when defense counsel stated that she had no objection to the scoresheet.").

On the second issue, the scoresheet erroneously listed one judge as the sentencing judge when it was another who imposed the sentence. Florida courts have consistently permitted the correction of scrivener's errors. *See, e.g., Florczak v. State*, 712 So. 2d 467, 467 (Fla. 4th DCA 1998). As the State correctly concedes error on this issue, we reverse and remand for the correction of this scrivener's error.

On the third issue, Appellant claims the trial court erred by failing to include the mandatory probation component in his DUI manslaughter sentence. The State agrees that Appellant's sentence on this count must include a probationary period long enough to allow him to complete a substance abuse course. DUI manslaughter is considered a second-degree felony punishable by up to fifteen years in prison. § 316.193(3)(c)3.a., Fla. Stat. (2019); § 775.082(3)(d), Fla. Stat. (2019). Pursuant to section 316.193(5), Florida Statutes (2019), "[t]he court shall place all offenders convicted of violating this section on monthly reporting probation and shall require completion of a substance abuse course."

As we said in *Powers v. State*, 316 So. 3d 352, 356 (Fla. 4th DCA 2021), a probationary period is not optional. In *Powers*, the trial court, at a resentencing hearing, imposed the maximum sentence of fifteen years in prison, including a four-year mandatory minimum sentence, for one count of DUI manslaughter. *Id.* at 354. Despite the parties' agreement, the trial court declined to include a probationary period. *Id.* However, after interpreting sections 316.193 and 775.082, we reversed and remanded for a de novo resentencing to "include a probationary period that, at a minimum, is of sufficient length to permit Appellant to complete a substance abuse course pursuant to section 316.193(5)." *Id.* at 356. As

2

such, we reverse and remand for the correction of Appellant's sentence to comply with section 316.193(5).

On the fourth issue, Appellant argues the trial court erred by imposing $50 in investigative costs and $150 in DUI costs against him at sentencing. Imposing such costs involves questions of statutory interpretation, which we review de novo. *Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020) ("Imposing costs of prosecution involves a question of statutory interpretation, which is reviewed de novo.") (citing *D.A. v. State*, 11 So. 3d 423, 423 (Fla. 4th DCA 2009)).

Section 938.27(1), Florida Statutes (2019), states that, in all criminal cases, "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies . . . *if requested by such agencies.*" (Emphasis added). Accordingly, a prosecutor cannot request costs on behalf of an agency without that agency's consent. *Goldsmith v. State*, 383 So. 3d 518, 524 (Fla. 4th DCA 2024). While no statutory minimum exists for an award of investigative costs, such costs must be "supported by competent substantial evidence." *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021) (quoting *Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019)). Additionally, discretionary court costs must be orally pronounced at sentencing to be lawfully imposed. *Ogden v. State*, 117 So. 3d 479, 480 (Fla. 1st DCA 2013).

The record below contains no indication that the investigating agency requested such costs, nor was any evidence presented to the trial court supporting the amount imposed. Additionally, Appellant did not agree to the imposition of these costs, and neither his open plea form nor the trial court's oral pronouncement at sentencing referenced the investigative costs. Therefore, we reverse and remand for the trial court to strike the $50 in investigative costs in the final cost order.

As to the $150 DUI costs, under Florida law, if a defendant is convicted of DUI, "a court cost of $135 shall be added to any fine imposed pursuant to s. 316.193 or s. 327.35." § 938.07, Fla. Stat. (2019). Because this cost is mandatory, it does not need to be orally pronounced. *Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012) ("Statutorily-mandated costs may be imposed without notice and, thus, need not be specifically pronounced at the sentencing hearing."). Here, however, the trial court did not cite any statutory basis for the additional $15 dollar fee. "Absent statutory authority, courts do not have the power to assess costs against a defendant upon conviction." *Houle v. State*, 33 So. 3d 822, 823 (Fla. 4th DCA 2010) (quoting *Lee v. State*, 785 So. 2d 603, 605 (Fla. 4th DCA 2001)). The State

3

concedes error on this point.  Accordingly, we reverse and remand for the trial court to strike $15 from the DUI costs originally imposed.

In sum, we reverse and remand for the trial court to conduct a new sentencing to correct the errors identified herein.  We note that the trial court must provide Appellant with the opportunity to be present at the resentencing, because correction of these errors relates to the imposition of probation, which is not ministerial.  *See Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014) (explaining that a defendant has a right to be present at resentencing if the act to be done is not ministerial in nature).

*Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.*

GERBER and CONNER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***